CLARK *v.* BERRIEN CIRCUIT JUDGE.

1. PROBATE APPEALS—DILATORY APPEAL—DISCRETION OF COURT—ABUSE.

Where, through a misunderstanding of plaintiff's attorneys, she failed to contest a claim before commissioners and take an appeal, and on motion to allow an appeal under section 674, 1 Comp. Laws (3 Comp. Laws 1915, § 14156), providing for an appeal, in the discretion of the trial court, if the applicant is without default, and "if it shall appear that justice requires a revision of the case," such a showing was made as would have justified the trial court in allowing the appeal, yet, the statute having vested the lower court with a discretionary power, this court will not reverse the determination of such court denying an appeal, unless it appeared that there had been a clear abuse of discretion.

2. SAME.

> Even if it be granted that plaintiff was without default, the question whether it appeared that justice required a revision of the case was still within the discretion of the court.

Mandamus by Catherine Clark and others to compel George W. Bridgman, circuit judge of Berrien county, to vacate a certain order and to enter an order granting petitioners leave to appeal from the findings of the commissioners on claims in a certain estate. Submitted October 3, 1916. (Calendar No. 27,424.) Writ denied December 21, 1916.

*Gore & Harvey,* for relators.

*O'Hara & O'Hara,* for respondent.

BIRD, J. This is an application for a writ of mandamus to compel the Berrien circuit judge to allow a dilatory appeal from the allowance by the commissioners of the claim of Mary J. Keefer against the estate of Thomas Griffin, deceased.

From the plaintiffs' petition it appears that on the 16th day of July, 1914, administration was granted upon the estate by the probate court of Berrien county, and an administrator appointed. Afterward commissioners to hear claims against the estate were appointed, and the claim of Mary J. Keefer was allowed without contest, on the 30th day of April, 1915, at the sum of $1,760, and the commissioners' report thereof was filed on May 12, 1915. December 16, 1915, this application was made to the circuit court for an order allowing an appeal under the authority of 1 Comp. Laws, § 674 *et seq.* (3 Comp. Laws 1915, § 14156). The matter was held for a time, but finally, on February 17, 1916, a written opinion was filed by the court denying the prayer of the petition. On May 24, 1916, plaintiffs filed a motion to renew their petition and for leave to appeal. This motion was soon

after denied by the court on the ground that it was not satisfied that the plaintiffs were without default, or that justice required a revision of the claim, and for the further reason that the last motion was not filed within the year of grace allowed by the statute.

The failure to oppose the claim before the commissioners and to take an appeal within the 60 days thereafter is excused as follows: The plaintiffs live in the vicinity of Laporte, Ind., and they employed Mr. E. E. Weir, an attorney residing at Laporte, to protect their interests in the estate. He in turn retained Messrs. Gore & Harvey, at Benton Harbor, to assist him. Gore & Harvey on September 2, 1914, filed a notice of their appearance in probate court. When the date was fixed for the hearing of the claims against the estate, Gore & Harvey wrote to Mr. Weir, advising him when and where the claims would be heard, and indicating that they assumed he would take care of the matter at the hearing, but if he desired them to assist to advise them; but the letter evidently went astray. Each counsel understood that the other would be present at the hearing, but it resulted in neither one being there, and neither counsel learned that the claim had been allowed and the report filed until about December 1, 1915. A few days thereafter this application was made for an allowance of an appeal to the circuit court, which included an affidavit of merits and a showing that the defense to the Keefer claim was one of payment.

The failure to oppose the claim and take an appeal appears to have occurred through a misunderstanding between plaintiffs' counsel as to which one was to give the matter his personal attention. Such occurrences are not infrequent with busy attorneys. This showing would reasonably account for the delay up to December 1st, but after that the matter does not appear to have been pressed with the vigor which ordinarily

follows the discovery of such omissions. Without discussing the respective claims in detail, it is sufficient to say that we are of the opinion that the petition presents such facts as would have justified the trial court in allowing the appeal, but we think it is equally true that the facts before him justify his refusal to grant it. The matter standing in this wise, and the circuit court having exercised its discretion, we do not see how we can direct other or different action on its part. The statute in express language vests the circuit court with a discretionary power to allow appeals in such cases, if the applicant is without default, and "if it shall appear that justice requires a revision of the case." We have held many times that we would not reverse the determination of the circuit court under this statute unless it appeared that there had been a clear abuse of discretion. *Smith* v. *Circuit Judge,* 82 Mich. 93 (45 N. W. 1122) ; *Sanborn* v. *Circuit Judge,* 94 Mich. 519, 526 (54 N. W. 295) ; *Small* v. *Olds,* 151 Mich. 111 (114 N. W. 872).

But it is said that the plaintiffs are without default in the matter. Grant this to be so, and that the court should have so held; the question whether it appeared that justice required a revision of the case was still within its discretion.

We are not persuaded that the circuit court has abused its discretion, and therefore the writ must be denied.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.