HANLON v THE FIRESTONE TIRE & RUBBER COMPANY

OPINION OF THE COURT

1. TRIAL—EVIDENCE—INTERROGATORIES—ADMISSIBILITY—COURT RULES.

    The trial court did not err in allowing a defendant to read to the jury a portion of its answers to the plaintiffs' interrogatories where the answers read to the jury were relevant to another portion of the interrogatory previously introduced by the plaintiffs since such a procedure is specifically sanctioned by the court rules (GCR 1963, 302.4[4], 309.4).

2. TRIAL—WITNESSES—WITNESS NOT SUBMITTED AT PRETRIAL CONFERENCE—ADMISSIBILITY OF TESTIMONY—DISCRETION—COURT RULES.

    The trial court did not abuse its discretion in allowing a defense expert witness to testify even though his name had not been submitted to the plaintiffs within the time limit set by the court at the pretrial conference, where the plaintiffs had an opportunity to depose the witness, since the trial court may modify a pretrial order (GCR 1963, 301.3).

DISSENT BY LEVIN, P. J.

3. TRIAL—EVIDENCE—INTERROGATORIES—INTRODUCTION BY INTERROGATED PARTY—ADMISSIBILITY—COURT RULES.

    *The introduction into evidence of a defendant's answers to the plaintiffs' interrogatories is permissible where the answers introduced by the defendant are "relevant" to another portion of the interrogatories previously introduced by the plaintiffs only where that introduction would be necessary to avoid misimpression or unfairness (GCR 1963, 302.4[4]).*

4. TRIAL—EVIDENCE—INTERROGATORIES—INTRODUCTION BY INTERROGATED PARTY—ADMISSIBILITY—HEARSAY.

    *The trial court erred in permitting a defendant tire manufacturer*

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 29 Am Jur 2d, Evidence § 689.
[2] 58 Am Jur, Witnesses § 111.

*to read to the jury in a products liability action a portion of its answers to the plaintiffs' interrogatories, where the answers read to the jury were not introduced for the purpose of avoiding misimpressions and unfairness arising from the plaintiffs' previous introduction of another portion of the interrogatories, but as a means of introducing self-serving hearsay evidence, and the error in allowing such hearsay evidence to be read should not be ignored on the assumption that it was harmless.*

Appeal from Wayne, Benjamin D. Burdick, J. Submitted Division 1 March 8, 1972, at Detroit. (Docket No. 10479.) Decided November 28, 1972. Leave to appeal granted, 389 Mich 789.

Complaint by Margaret Hanlon and Richard Hanlon against the Firestone Tire & Rubber Company for damages resulting from an automobile accident caused by tire failure. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Lopatin, Miller, Bindes & Freedman* and *Norman L. Zemke, P. C.,* for plaintiffs.

*Butzel, Long, Gust, Klein & Van Zile* (by *James D. Ritchie),* for defendant.

Before: Levin, P. J., and V. J. Brennan and Van Valkenburg,* JJ.

Per Curiam. Plaintiffs were injured when one of the front tires on their automobile failed, causing their car to go out of control and strike a guardrail. Plaintiffs allege that the tire, a product of the defendant corporation, failed due to a defect in its manufacture. The defendant contends that the tire failed due to a cut sustained by a contact with a sharp object. A jury in the Wayne County Circuit Court returned a verdict of no cause of action;

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

plaintiffs appeal from a judgment entered pursuant to that verdict.

Plaintiffs first allege that the trial court erred in allowing the defendant to read to the jury a portion of its answers to plaintiffs' interrogatories. The portion which the defense was permitted to present to the jury was relevant to another portion of the interrogatory previously introduced by the plaintiffs. Such a procedure is specifically sanctioned by the court rules (GCR 1963, 309.4, 302.4[4]) and accordingly we find no error.

Plaintiffs also allege that the trial court erred in admitting certain objects into evidence due to alleged gaps in the chain of evidence. We feel there was a sufficient identification of the items to permit their introduction into evidence, and to allow the jury to determine what weight they should be given. *Witt v Chrysler Corp,* 15 Mich App 576, 586 (1969).

Plaintiffs also argue that the trial court abused its discretion in allowing a defense expert to testify since his name had not been submitted to the plaintiffs within the time limits set by the court at the pretrial conference. Plaintiffs, nevertheless, did have the opportunity to depose this witness, and in fact did do so. GCR 1963, 301.3 specifically permits a judge to modify a pretrial order, and we find no abuse of his discretion thereunder.

Plaintiffs' final arguments, that defendant's expert was allowed to express opinions on matters regarding which he was not competent, and that the court improperly interjected itself into the proceedings, are both without merit.

Affirmed.

V. J. BRENNAN and VAN VALKENBURG, JJ., concurred.

Levin, P. J. *(dissenting).* In this products liability case the jury returned a verdict of no cause of action. The factual issue in dispute was whether a tire manufactured by the defendant, The Firestone Tire & Rubber Company, was defective as claimed by an expert witness who testified for the plaintiffs Hanlon. Firestone's expert witness claimed that the tire was not defective and that it gave way when it was cut by some foreign object.

At the trial, the Hanlons' lawyer read into evidence Firestone's answers to certain interrogatories which the Hanlons had submitted. Firestone's lawyer was then permitted, over objection, to read into evidence his client's answers to other interrogatories. The majority uphold this ruling of the trial court on the ground that the portion of the interrogatories which Firestone was permitted to present to the jury was relevant to the portion introduced by the Hanlons. I dissent because in my opinion the portion which Firestone was permitted to introduce was not "relevant" within the meaning of GCR 1963, 302.4(4), which provides:

> "If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts."

While this rule does not literally impose any limitation on what Firestone, as the adverse party, may itself introduce—speaking only of what an adverse party can "require" the offering party (the Hanlons) to introduce—it is clear that Firestone can introduce as part of its own case only those interrogatories and answers which it could have compelled the Hanlons, as the offering party, to introduce.[1] The question then is what parts could

---

[1] GCR 1963, 302.4(4) provides (see accompanying text for the com-

Firestone, as the adverse party, properly compel the Hanlons, as the offering party, to introduce.

The words of Rule 302.4(4) repeat verbatim the language of former[2] FR Civ P, 26(d)(4). In *Westinghouse Electric Corp v Wray Equipment Corp*, 286 F2d 491, 494 (CA 1, 1961), the United States Court of Appeals for the First Circuit declared of Rule 26(d)(4):

"The rule provides a method of averting, so far as possible, any *misimpressions* from selective use of deposition testimony. The opposing party is entitled under the rule to have the *context* of any statement, or any *qualifications* made as a part of the deponent's testimony also put into evidence." (Emphasis supplied.)

Similarly, Messrs. Honigman and Hawkins write:

plete language of this sub-rule) that "any party may introduce *any* other parts". (Emphasis supplied.) Firestone has not argued that the parts of the questions and answers which it sought to introduce were made admissible by this phrase. The only reasonable interpretation of this phrase is that it reaffirms the right of other parties to make such use of the remainder of the deposition as is countenanced by GCR 1963, 302.4(1)–(3). *Cf. LaBelle v Swanson*, 248 Minn 35, 43; 78 NW2d 358, 363 (1956); 8 Wright & Miller, Federal Practice & Procedure, § 2148, pp 464–465.

The parts of the interrogatories sought to be introduced by Firestone do not appear to have been otherwise admissible. They were interrogatories addressed to a party and were taken under GCR 1963, 309, as distinguished from a deposition of a witness on written interrogatories under GCR 1963, 307.

The report by Firestone, in its answers to the interrogatories, of the opinion of witness Cox concerning the cause of the blowout stands merely as self-serving hearsay. See fn. 3, *infra.*

[2] FR Civ P, 26(d)(4) has been replaced by FR Civ P, 32(a)(4), which provides:

"If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part which *ought in fairness* to be considered with the part introduced, and any party may introduce any other parts." (Emphasis supplied.)

I would regard the new formulation as merely articulating with greater clarity the policy of the old rule. See 8 Wright & Miller, Federal Practice & Procedure, § 2148, p 464; 4A Moore's Federal Practice, ¶ 32.06.

"If a party introduces only a portion of a deposition in evidence, sub-rule 302.4(4) permits an adverse party to require him to introduce all of it which is relevant to the part which is introduced. In addition, any party may later introduce any other parts of the deposition. The reason for the rule is clear. It is designed to prevent *unfairness* which may result if a statement is *taken out of context.*" (Emphasis supplied.) 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Rule 302.4, authors' comments, p 59.[3]

Unless the provision of the court rule allowing other parts of a deposition to be read is limited to the kind of case referred to by these authorities—if the word "relevant" is interpreted loosely—then in almost every case the use of part of a deposition would entitle the adverse party to force the offering party to introduce the rest of the deposition, or allow the adverse party to introduce it himself. Every part of almost any deposition is likely to be relevant to the other parts on some theory or other since all parts of a deposition are presumably relevant to the issues in the case.

In my opinion, a more sensible construction, a construction which makes the intended limitation truly a limitation, would permit introduction only of that which is necessary to avoid "misimpression" or "unfairness".

The Hanlons introduced Firestone's answers to interrogatories 6 through 8 and thereby established that Firestone's inspection of the tire had not reflected any unusual wear of the tire or any unusual use of the tire and that Firestone could

---

[3] "Thus, answers to interrogatories may be used at the trial to impeach testimony by the answering party or as substantive evidence against him and him only. The answers cannot be used on behalf of the answering party, *except to the extent* that related answers may be put in evidence to prevent the unfairness of taking a single answer out of context." (Emphasis supplied.) 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Rule 309, authors' comments, p 160.

not determine from its examination of the tire how many miles the tire had on it.[4]

The questions and answers read by Firestone did not concern tire wear but rather went directly to the heart of the case—the cause of the tire failure. Firestone was thereby permitted to introduce the self-serving hearsay report that John H. Cox, a senior tire engineer with 23 years experience in tire engineering, with technical responsibility for design and evaluation of tires and analysis of tire performance, had examined the tire and was of the opinion that the tire lost its capability to retain inflation pressure as a result of a cut by a foreign object through the entire tire body.[5]

---

[4] The questions and answers read by the Hanlons were:

6. *Q.* "Did your inspection reflect any unusual wear on the tire?"
*A.* "No."

7. *Q.* "Did your examination reflect any unusual use of the tire?"
*A.* "No."

8. *Q.* "Based upon your examination of the tire, approximately how many miles did the tire have on it?"
*A.* "Not determined."

[5] The questions and answers read by Firestone were:

1. *Q.* "Was the tire which is the subject matter of this lawsuit examined by the defendant's agents?"
*A.* "A tire represented on behalf of plaintiffs to be the subject matter of this lawsuit was examined by The Firestone Tire & Rubber Company."

2. *Q.* "What did the inspection reveal?"
*A.* "The tire lost its capability to retain inflation pressure as a result of a cut by a foreign object through the tire body."

3. *Q.* "Who performed the examination of the tire? Please list their names, jobs and special training."
*A.* "John H. Cox. Senior tire engineer. Twenty-three years experience in tire engineering, with technical responsibilities for design and evaluation of tires and analysis of tire performance."

4. *Q.* "What conclusions were drawn from the inspection?"
*A.* "See 2 above."

5. *Q.* "Which of the people who examined the tire on your behalf are able to render an opinion as to the reason the plaintiffs' tire failed?"
*A.* "See 3 above."

The questions and answers read by the Hanlons merely negatived a possible explanation for the tire failure by establishing that there was no unusual wear or use. It was not necessary, in order to avoid a misimpression or unfairness or to convey the context in which the lack-of-unusual-wear-or-use answer was made or any qualification of that answer, to allow Firestone to establish affirmatively why in the opinion of an expert the tire failed.

The error in allowing this hearsay statement to be read should not be ignored on the assumption that it was harmless. John H. Cox, whose opinion of the cause of the tire failure was read to the jury, was not available as a witness at the trial. His opinion that the tire failure was caused by a foreign object cutting through the tire body was mentioned by Firestone's lawyer during his jury argument.

Firestone was thereby able to highlight that an expert, Cox, agreed with the finding of the expert who testified at the trial for Firestone that the tire and wheel assembly were damaged by impacting against a solid, cutting, penetrating object.

We have no way of knowing whether bringing Cox's opinion to the jury's attention made the difference; neither could we say with any assurance that it was inconsequential. The error was preserved, and the Hanlons are, in my opinion, entitled to a new trial.

5(a) *Q.* "What reasons were given for the tire's failure by the people who examined the tire?"
*A.* "See 2 above."