HANLON v THE FIRESTONE TIRE & RUBBER COMPANY

OPINION OF THE COURT

1. MOTIONS—WITNESSES—PRETRIAL SUMMARY—DISCRETION.

A judge is not required to hear a motion, to prohibit any trial testimony from defendant's expert witness because of defendant's failure to comply with the terms of the pretrial summary, within a framework comparable to that employed at trial for the presentation of evidence; the party making the motion is required to go forward with the motion and present it to the court and the judge must then provide the adversary party with an opportunity to answer the moving party's motion; thereafter, the judge may exercise his discretion.

2. TRIAL—COURT RULES—PRETRIAL SUMMARY—MANIFEST INJUSTICE—APPEAL AND ERROR—DISCRETION.

Pursuant to the terms of a court rule, a modification of the pretrial summary is permitted if, in the opinion of the presiding judge, a modification is necessary in order to prevent a "manifest injustice"; an appellate court will not reverse the judge's discretion unless it appears that there has been a clear abuse of discretion (GCR 1963, 301.3).

3. TRIAL—WITNESSES—EXPERT WITNESS—PRETRIAL SUMMARY—DISCRETION.

Trial judge did not err by abusing his discretion in allowing defendant's expert witness to testify at trial over plaintiffs' objection that defendant failed to comply with the terms of the pretrial summary where the issues in the case had been limited

REFERENCES FOR POINTS IN HEADNOTES

[1-4, 7, 8] 53 Am Jur, Trial § 11.

Power of court to adopt general rule requiring pretrial conference as distinguished from exercising its discretion in each case separately, 2 ALR2d 1061.

[5] 53 Am Jur, Trial § 137.

5 Am Jur 2d, Appeal and Error § 737.

Consideration, in determining facts, of inadmissible evidence introduced without objection, 79 ALR2d 915.

[6-9] 29 Am Jur 2d, Evidence § 689.

from the early stages of the pleadings and were not affected by permitting defendant's expert to testify, plaintiffs did take the deposition of defendant's expert prior to the trial and thereafter neither requested further time to prepare for trial nor alleged any prejudicial effect on their case resulting from the delay in deposing the expert witness, and the technical nature of the case required defendant's presentation of expert testimony to adequately establish its own case and to attempt to rebut plaintiffs' proofs.

4. TRIAL—EVIDENCE—INTERROGATORIES—ADMISSIBILITY—COURT RULES.

The introduction into evidence of a defendant's answers to the plaintiffs' interrogatories is permissible where the answers introduced by the defendant are "relevant", within the meaning of a court rule, to another portion of the interrogatories previously introduced by the plaintiffs only where that introduction would be necessary to avoid misimpression or unfairness (GCR 1963, 302.4[4]).

5. TRIAL—EVIDENCE—HEARSAY—APPEAL AND ERROR—HARMLESS ERROR.

Trial judge committed harmless error by permitting hearsay testimony to be read to the jury where in light of the limited nature of the improperly admitted hearsay, its source and the fact that the jury was exposed to identical testimony from an in-court witness who was also an employee of the defendant, the admission of the hearsay was not prejudicial in itself or reasonably could have influenced the jury by highlighting the court testimony of defendant's expert.

SEPARATE OPINION

M. S. COLEMAN, J.

6. TRIAL—INTERROGATORIES—TIRE—EVIDENCE—ADMISSIBILITY.

*Information supplied by defendant's counsel was relevant to another portion of the interrogatory previously introduced by the plaintiffs and was properly allowed where plaintiffs introduced part of the questions and answers of interrogatories which were put to the defendant indicating that defendant's inspection of a tire disclosed no unusual wear or use and that defendant was also unable to determine how many miles the tire had been driven and the information supplied by defendant's reading of the remaining questions and answers gave the name and qualifications of the examiner and contained his conclusion that the tire lost its capability to retain inflation*

*pressure as a result of a cut by a foreign object through the tire body; that portion read by plaintiffs was quite misleading and unfair without the reading of the portion in question.*

7. DEPOSITIONS—COURT RULES—EVIDENCE—HEARSAY—OBJECTION.

*Court rule, providing that "[s]ubject to the provisions of subrule 308.3, objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying", should be interpreted as eliminating hearsay objections with regard to depositions (GCR 1963, 302.5).*

8. TRIAL—DEPOSITIONS—INTERROGATORIES—EVIDENCE—COURT RULES.

*Despite the sweeping language of a part of a court rule, which provides that "[i]f only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts", made applicable to answers to interrogatories by another subrule, it seems clear that the rules of evidence do not permit "any party" to introduce "any other parts" of an interrogatory once it is introduced as evidence; however, an adverse party may require that any part of the interrogatory "which is relevant to the part introduced" be read (GCR 1963, 302.4[4], 309.4).*

9. TRIAL—INTERROGATORIES—EVIDENCE—ADMISSIBILITY.

*Although a trial judge proceeded on the erroneous assumption that once an interrogatory was used all parts of it were admissible, a proper result was achieved where the questions and answers which defendant had read were limited and relevant to the exerpts which plaintiffs introduced; defendant was entitled to demonstrate the context from which the information was derived.*

Appeal from Court of Appeals, Division 1, Levin, P. J., and V. J. Brennan and Van Valkenburg, JJ., affirming Wayne, Benjamin D. Burdick, J. Submitted December 4, 1973. (No. 1 December Term 1973, Docket No. 54,523.) Decided May 21, 1974.

44 Mich App 1 affirmed.

Complaint by Margaret Hanlon and Richard

Hanlon against The Firestone Tire & Rubber Company, General Motors Corporation, and Paul McGlone Chevrolet, Inc., for damages for injuries resulting from an automobile accident caused by tire failure. General Motors and Paul McGlone Chevrolet, Inc., dismissed as defendants. Verdict and judgment for defendant. Plaintiffs appealed to the Court of Appeals. Affirmed. Plaintiffs appeal. Affirmed.

*Lopatin, Miller, Bindes & Freedman* and *Zemke & Lustig, P. C.,* for plaintiffs.

*Butzel, Long, Gust, Klein & Van Zile* (by *James D. Ritchie* and *Chester E. Kasiborski, Jr.),* for defendant.

SWAINSON, J. Plaintiffs' appeal from the Court of Appeal's affirmance of a jury verdict of no cause of action in this products liability case.[1]

Plaintiffs commenced this action in Wayne County Circuit Court to recover damages for bodily injuries sustained in 1965 when their automobile went out of control after a blowout in its left front tire. Plaintiffs alleged that the blowout resulted from the defective manufacture of the tire. Defendant denied liability. It argued that the tire failure was caused by a cut from a foreign object and was not the result of any defect present in the tire.

I

On December 10, 1968 a pretrial conference was held in this case under the direction of GCR 1963, 301.1. As a result of the conference a pretrial

---

[1] *Hanlon v The Firestone Tire & Rubber Co,* 44 Mich App 1; 204 NW2d 722 (1972).

summary was issued by the court according to the provisions of GCR 1963, 301.3. In relevant part the summary stated:

"EXPERT WITNESSES:
"The plaintiffs will have Loren J. Forney as their expert witness. The defendant, Firestone Tire & Rubber Company, will have an expert witness from their company and will furnish plaintiffs' counsel with the name of said expert when plaintiffs' counsel supplies defendant, Firestone Tire & Rubber with the address of Mr. Forney.

\* \* \*

"DEPOSITIONS:
"The counsel for the tire company and the plaintiffs agree that the deposition of each others experts may be taken at a time and place to be agreed upon between the respective counsel, but this must be accomplished within the next sixty (60) days."

Six days after the pretrial, plaintiffs' counsel filed with the court the address of Mr. Forney and sent copies to defendant's counsel. Defendant, however, did not furnish the name of its expert witness until April 22, 1970 and a deposition was not able to be arranged until June 17, 1970. Thus, plaintiff was not able to take the deposition of defendant's expert until two weeks before the start of the trial on July 6, 1970.

At the commencement of the trial plaintiffs' counsel objected to allowing any trial testimony from defendant's expert witness, citing as the basis for the objection defendant's failure to comply with the terms of the pretrial summary. The trial judge denied plaintiffs' motion and subsequently allowed defendant's expert to testify, offering the terse explanation that:

"You had a chance to take his deposition, and you

did. I don't care whether it is late or not. It is within
my discretion. I exercise my discretion."

Plaintiffs now ask us to find that the summary
treatment of their motion by the trial judge consti-
tuted reversible error under GCR 1963, 301.3.[2]
They argue that rather than placing the burden
on defendant Firestone to demonstrate why the
pretrial summary should have been modified "to
prevent manifest injustice", the trial judge ignored
GCR 1963, 301.3 and erroneously shifted to plain-
tiffs the burden of establishing why defendant's
expert should not have been permitted to testify.

Although we do not expressly approve of the
judge's actions, we find that plaintiffs' first argu-
ment misperceives the responsibility of a trial
judge when considering a motion under GCR 1963,
301.3. Contrary to plaintiffs' assertions, a judge is
not required to hear the motion within a frame-
work comparable to that employed at trial for the
presentation of evidence. The party making the
motion, of course, is required to go forward with
the motion and present it to the court. The judge
must then provide the adversary party with an
opportunity to answer the moving party's motion.
Thereafter, the judge may exercise his discretion.
Pursuant to the terms of GCR 1963, 301.3, a

---

[2] GCR 1963, 301.3:

"The judge shall prepare, file, and cause to be served upon the
attorneys of record, at least 10 days in advance of trial, a summary of
the results of the pretrial conference specifically covering each of the
items herein stated. The summary of results controls the subsequent
course of the action unless modified at or before trial to prevent
manifest injustice. The court may provide by rule a pretrial calendar
on which actions may be placed for consideration and may also by
rule amplify or modify the pretrial procedure as herein provided in
the furtherance of justice but not in conflict with these rules. No
party shall be deprived of the right to present competent proof at the
trial in support of any issues raised in the pleadings unless such
issues have been expressly waived at the pretrial conference and such
waiver is recorded in the said summary of results."

modification of the pretrial summary is permitted if, in the opinion of the presiding judge, a modification is necessary in order to prevent a "manifest injustice". *Bednarsh v Winshall,* 374 Mich 667; 133 NW2d 202 (1965). An appellate court will not reverse the judge's decision unless it appears that there has been a clear abuse of discretion. *Clark v Berrien Circuit Judge,* 194 Mich 180, 183; 160 NW 409 (1916); *Brookdale Cemetery Association v Lewis,* 342 Mich 14, 18–19; 69 NW2d 176 (1955); *Johnson v Kramer Bros Freight Lines, Inc,* 357 Mich 254, 257–260; 98 NW2d 586 (1959); *Wendel v Swanberg,* 384 Mich 468, 475–477; 185 NW2d 348 (1971).

Our review of the record in this case does not indicate that the trial judge erred by abusing his discretion in allowing defendant's expert witness to testify at trial. Several factors lead us to this conclusion. First, the issues in the case had been limited from the early stages of the pleadings and were not affected by permitting defendant's expert to testify.[3] Second, plaintiffs did take the deposi-

---

[3] The original purpose underlying the development and design of pretrial proceedings was to familiarize the parties with the issues involved in the case and to narrow the number of issues that would have to be resolved at trial. Sunderland, *The Theory and Practice of Pre-Trial Procedure,* 36 Mich L Rev 215 (1937); 6 Wright and Miller, Federal Practice and Procedure, p 566 (1971). Today, although narrowing the issues involved in a case is not the singular function of pretrial practice, it remains the primary goal of these proceedings. *See,* GCR 1963, 301.1; 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 6–8. Limitation of issues is an indispensable tool in the settlement of cases and reduces "traps and surprises" at trial. *Applebaum v Wechsler,* 350 Mich 636, 650; 87 NW2d 322 (1957); *Sunderland, supra,* 225. Courts accordingly tend to strictly follow the terms of the pretrial summary when a deviation therefrom *would* affect the issues to be resolved at trial. In the event that a modification of the pretrial summary affects the scope of previously agreed upon issues, the trial judge's discretion will be subject to a more stringent standard of review than in those cases where the scope of the issues has not been affected. *Compare, Scott v Cleveland,* 360 Mich 322; 103 NW2d 631 (1960) *with Snyder v New York Central Transport Co,* 4 Mich App 38; 143 NW2d 791 (1966) and *Coles v Galloway,* 7 Mich App 93; 151 NW2d 229 (1967).

tion of defendant's expert prior to the trial and thereafter neither requested further time to prepare for trial nor alleged any prejudicial effect on their case resulting from the delay in deposing the expert witness. Third, the technical nature of the case required defendant's presentation of expert testimony to adequately establish its own case and to attempt to rebut plaintiffs' proofs.[4] In sum, the lack of prejudicial effect on the plaintiffs' case when balanced against the limitations that would have been placed upon defendant's case if its expert had been precluded from testifying, amply indicates that the judge reasonably concluded that a deviation from the pretrial summary was required in order to prevent a manifest injustice.

Pretrial proceedings, of which the pretrial summary is an intregal part, received their first significant use in this country in the courts of the State of Michigan.[5] Today, pretrial proceedings are an indispensable tool for the speedy and just resolution of civil disputes. They are designed to familiarize the parties and the court with the issues and proofs involved in a lawsuit so that the parties can accurately appraise their cases. Their effectiveness is derived not only from the substance of our court rules, but also from the discretionary supervision of the trial judge. If the judge were not allowed to deviate from the pretrial summary when reasonably necessary to prevent a manifest injustice, this tool designed to promote the open and fair presentation of evidence at trial could easily frustrate those objectives. *Cf. Clark v Pennsylvania R Co*, 328 F2d 591 (CA 2, 1964). *Cert den* 377 US 1006, 84 S Ct 1943, 12 L Ed 2d 1054 (1964).

---

[4] *See, Snyder v New York Central Transport Co, supra; Coles v Galloway, supra.*

[5] Sunderland, *The Theory and Practice of Pre-Trial Procedure,* 36 Mich L Rev 215 (1937).

## II

During the presentation of plaintiffs' case, plaintiffs' counsel read into evidence under the authority of GCR 1963, 309.4 and 302.4(4) plaintiffs' questions 6, 7 and 8 and defendant's answers thereto from a set of interrogatories dated December 29, 1967 in order to support plaintiffs' theory that the blowout resulted from the improper manufacture of the tire.

[6] " 'Q. Did your inspection reflect any unusual wear on the tire?

" 'A. (under oath) No.

[7] " 'Q. Did your examination reflect any unusual use of the tire?

" 'A. No.

[8] " 'Q. Based upon your examination of the tire, approximately how many miles did the tire have on it?

" 'A. Not determined.' "

Immediately after the above quoted questions had been read to the jury, defense counsel indicated to the court his desire to have the remaining portions of the December 29, 1967 interrogatories read to the jury. Plaintiff objected to defendant's request on the grounds that if the remaining portion of interrogatories were introduced by defendant, defendant's answers contained therein would be inadmissible self-serving hearsay statements. The trial court overruled plaintiffs' objection indicating that defendant had the right to read the remaining questions to insure that the previously read questions were considered in context by the jury. Defendant's counsel then read the remaining portion of the December 29, 1967 interrogatories to the jury:

*"Mr. Ritchie: [defendant's counsel]* The first question reads:

" '*Q*. 1. Was the tire which is the subject matter of this lawsuit examined by the defendant's agents?'

"And the answer which was furnished on February 6, 1968, states:

" '*A*. A tire represented on behalf of plaintiffs to be the subject matter of this lawsuit was examined by The Firestone Tire & Rubber Company.'

"The second question:

" '*Q*. 2. What did the inspection reveal?

" '*A*. The tire lost its capability .to retain inflation pressure as a result of a cut by a foreign object through the tire body.

" '*Q*. 3. Who performed the examination on the tire? Please list their names, jobs, and special training.

" '*A*. John H. Cox. Senior Tire Engineer. Twenty-three years' experience in tire engineering, with technical responsibilities for design and evaluation of tires and analyses of tire performance.

" '*Q*. 4. What conclusions were drawn from the inspection?'

"And the answer refers back to Answer 2, which says that the tire was cut.

*"Mr. Miller: [plaintiffs' counsel]* Just read the answer without comment, if you will.

"I would object to his comment, your Honor.

*"The Court:* Overrule your objection. I see no reason for making that objection at all.

"Proceed.

*"Mr. Ritchie:* '*Q*. 5. Which of the people who examined the tire on your behalf are able to render an opinion as to the reason the plaintiffs' tire failed?'

"And we refer back to Answer No. 3 which named John H. Cox, Senior Tire Engineer.

" '*Q*. 5(a). What reasons were given for the tire's failure by the people who examined the tire?'

"And the answer for that question referred back to Answer No. 2.

"And then we get to No. 6, which Mr. Miller read.

*"The Court:* Who signed the answers?

"*Mr. Ritchie:* These were signed by John F. Floberg, Vice-President, Secretary and General Counsel for The Firestone Tire & Rubber Company."

Plaintiffs appeal this adverse ruling by the trial judge. The parties do not dispute the fact that normally the material read to the jury by defendant's counsel would be inadmissible hearsay when offered by defendant. Accordingly, we are left to resolve two legal issues. First, we must decide whether these statements were properly admitted under the authority of GCR 1963, 302.4(4). Second, if the statements were not admissible, we must decide if the fact of their admission in this case constituted reversible error.

In our opinion a correct analysis of this first issue was set forth by then Judge LEVIN in his dissenting opinion filed in this matter below, 44 Mich App 1, 4–6 (1972), which we take the liberty of quoting in part:

"At the trial, the Hanlons' lawyer read into evidence Firestone's answers to certain interrogatories which the Hanlons had submitted. Firestone's lawyer was then permitted, over objection, to read into evidence his client's answers to other interrogatories. The majority uphold this ruling of the trial court on the ground that the portion of the interrogatories which Firestone was permitted to present to the jury was relevant to the portion introduced by the Hanlons. I dissent because in my opinion the portion which Firestone was permitted to introduce was not 'relevant' within the meaning of GCR 1963, 302.4(4), which provides:

" 'If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts.'

"While this rule does not literally impose any limitation on what Firestone, as the adverse party, may itself introduce—speaking only of what an adverse party can

'require' the offering party (the Hanlons) to introduce—
it is clear that Firestone can introduce as part of its
own case only those interrogatories and answers which
it could have compelled the Hanlons, as the offering
party, to introduce.[1] The question then is what parts
could Firestone, as the adverse party, properly compel
the Hanlons, as the offering party, to introduce.

---

[1] "GCR 1963, 302.4(4) provides (see accompanying text for the
complete language of this sub-rule) that 'any party may introduce *any*
other parts'. (Emphasis supplied.) Firestone has not argued that the
parts of the questions and answers which it sought to introduce were
made admissible by this phrase. The only reasonable interpretation of
this phrase is that it reaffirms the right of other parties to make such
use of the remainder of the deposition as is countenanced by GCR
1963, 302.4(1)–(3). *Cf. LaBelle v Swanson,* 248 Minn 35, 43; 78 NW2d
358, 363 (1956); 8 Wright & Miller, Federal Practice & Procedure,
§ 2148, pp 464–465.

"The parts of the interrogatories sought to be introduced by Fire-
stone do not appear to have been otherwise admissible. They were
interrogatories addressed to a party and were taken under GCR 1963,
309, as distinguished from a deposition of a witness on written
interrogatories under GCR 1963, 307.

"The report by Firestone, in its answers to the interrogatories, of
the opinion of witness Cox concerning the cause of the blowout stands
merely as self-serving hearsay. See fn. 3, *infra.*"

---

"The words of Rule 302.4(4) repeat verbatim the
language of former[2] FR Civ P, 26(d)(4). In *Westinghouse
Electric Corp v Wray Equipment Corp,* 286 F2d 491, 494
(CA 1, 1961), the United States Court of Appeals for the
First Circuit declared of Rule 26(d)(4):

" 'The rule provides a method of averting, so far as
possible, any *misimpressions* from selective use of depo-
sition testimony. The opposing party is entitled under
the rule to have the *context* of any statement, or any
*qualifications* made as a part of the deponent's testi-
mony also put into evidence.' (Emphasis supplied.)

---

[2] "FR Civ P, 26(d)(4) has been replaced by FR Civ P, 32(a)(4), which
provides:

" 'If only part of a deposition is offered in evidence by a party, an
adverse party may require him to introduce any other part which
*ought in fairness* to be considered with the part introduced, and any
party may introduce any other parts.' (Emphasis supplied.)

"I would regard the new formulation as merely articulating with
greater clarity the policy of the old rule. See 8 Wright & Miller,

Federal Practice & Procedure, § 2148, p 464; 4A Moore's Federal
Practice, ¶ 32.06."

"Similarly, Messrs. Honigman and Hawkins write:

" 'If a party introduces only a portion of a deposition
in evidence, sub-rule 302.4(4) permits an adverse party
to require him to introduce all of it which is relevant to
the part which is introduced. In addition, any party
may later introduce any other parts of the deposition.
The reason for the rule is clear. It is designed to
prevent *unfairness* which may result if a statement is
*taken out of context.*' (Emphasis supplied.) 2 Honigman
& Hawkins, Michigan Court Rules Annotated (2d ed),
Rule 302.4, authors' comments, p 59.[3]

---

[3] " 'Thus, answers to interrogatories may be used at the trial to
impeach testimony by the answering party or as substantive evidence
against him and him only. The answers cannot be used on behalf of
the answering party, *except to the extent* that related answers may
be put in evidence to prevent the unfairness of taking a single answer
out of context.' (Emphasis supplied.) 2 Honigman & Hawkins, Michi-
gan Court Rules Annotated (2d ed), Rule 309, authors' comments, p
160."

---

"Unless the provision of the court rule allowing other
parts of a deposition to be read is limited to the kind of
case referred to by these authorities—if the word 'rele-
vant' is interpreted loosely—then in almost every case
the use of part of a deposition would entitle the adverse
party to force the offering party to introduce the rest of
the deposition, or allow the adverse party to introduce
it himself. Every part of almost any deposition is likely
to be relevant to the other parts on some theory or
other since all parts of a deposition are presumably
relevant to the issues in the case.

"In my opinion, a more sensible construction, a con-
struction which makes the intended limitation truly a
limitation, would permit introduction only of that
which is necessary to avoid 'misimpression' or 'unfair-
ness'."

While we adopt Justice Levin's legal analysis on
the first of our two designated issues, we differ
with his conclusion that the facts of this case

require a reversal of the jury's verdict. The only fact that was introduced to the jury by the improperly admitted interrogatories was that an experienced tire engineer employed by defendant company concluded that the tire had been cut by a foreign object. This hearsay testimony was identical to the testimony that was properly delivered in court by defendant's employee-expert who the jury knew possessed the same general qualifications and biases as those attributed to the tire engineer speaking through the interrogatories. In light of the limited nature of the improperly admitted hearsay, its source and the fact that the jury was exposed to identical testimony from an in-court witness who was also an employee of the defendant, we do not believe that the admission of the hearsay was prejudicial in itself or reasonably could have influenced the jury by highlighting the court testimony of defendant's expert. See, GCR 1963, 529; 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 227–228; *Cf. Newton v Consolidated Construction Co,* 184 Mich 63, 72; 150 NW 348 (1915); *Weaver v Richards,* 156 Mich 320, 325; 120 NW 818 (1909).

In our opinion, the trial judge committed harmless error by permitting the hearsay testimony to be read to the jury.

Appellants raise additional claims of error. These, we find, were adequately answered in the opinion below.

The decision of the Court of Appeals is affirmed.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH and WILLIAMS, JJ., concurred with SWAINSON, J.

M. S. COLEMAN, J. *(to affirm).* This opinion speaks to part II of Justice SWAINSON's opinion.

### FACTS

The plaintiffs were injured when their car ran into an expressway guard rail. They claim that the accident occurred when a tire manufactured by defendant ruptured.

During trial plaintiffs sought "to place into evidence questions and answers of interrogatories which were put to the defendant, which they answered under oath." The court granted the request. The plaintiffs then introduced part of the interrogatory indicating that defendant's inspection of the tire disclosed no unusual wear or use and that defendant was also unable to determine how many miles the tire had been driven.

Defendant immediately sought "to have the plaintiffs' counsel read all the questions and answers". The court said "[e]verything in the file is in evidence" and defendant could "read the rest of it because it is out of context". Plaintiffs' counsel objected and was overruled.

The information supplied by defendant's reading of the remaining questions and answers gave the name and qualifications of the examiner. It contained his conclusion that the tire "lost its capability to retain inflation pressure as a result of a cut by a foreign object through the tire body."

The jury returned a verdict of no cause of action. The Court of Appeals affirmed saying that the information supplied by defendant's counsel "was relevant to another portion of the interrogatory previously introduced by the plaintiffs" and was properly allowed. I agree with the Court of Appeals. In fact, that portion read by plaintiffs was quite misleading and unfair without the reading of the portion in question.

## *RULES*

Rule 309.4 provides that answers to interrogatories "may be used to the same extent as provided in subrule 302.4 for the use of a deposition of a party". Rule 302.4 reads, in part:

"At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any 1 of the following provisions:

\* \* \*

"(4) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts."

## *DISCUSSION*

The trial judge did not make a true determination of the admissibility of the answers to the interrogatory. He believed that once the interrogatory was offered as evidence, all material contained therein was admissible. This obviously does not accord with the language of the court rule, but the judge is saved by the facts.

Plaintiffs allege that the responses introduced by defendant are self-serving and hearsay. These allegations are worthy of consideration.

Rule 302.5 reads:

"Subject to the provisions of subrule 308.3, objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying."

I interpret this as eliminating hearsay objections

with regard to depositions. The question remains as to whether it should control as to interrogatories. Rule 309.4 provides only that Rule 302.2 and 302.4 apply to the use of interrogatories. By its specificity Rule 309.4 implies that nonspecified rules are not applicable.

Such a conclusion is supported by the differences between depositions and interrogatories. A deposition is taken in an adversarial proceeding with examination and cross-examination. An interrogatory permits the answering party to respond in a careful, thoughtful and possibly evasive manner without being subject to examination on the responses. Although given under oath, the answers may simply be unresponsive or misleading. An individual's response when being deposed is more closely related to trial testimony than responses to interrogatories.

Rule 309.4 is drawn from the former Federal Rule of Civil Procedure 33. In 3 Kooman, Federal Civil Practice § 33.26, the author draws these conclusions about use of interrogatories:

> "Normally, a party's answers to an opponent's interrogatories are self-serving declarations and are not admissible on behalf of the party making the answers though they may be admissible against that party. *However, where an original answer was introduced against the party making it, that party is entitled to read into evidence any other answers which tend to explain or correct the original answer.* And an answer to an interrogatory may not be received in evidence on behalf of the party making it where the adverse party had no opportunity for cross-examination." (Emphasis added.)

A similar analysis is made in 8 Wright and Miller, Federal Practice and Procedure, § 2180:

"The major problem associated with using answers to interrogatories at the trial comes from the hearsay rule. One party may introduce the answers of an adverse party as an admission of a party opponent. They may also be used by any party to impeach another party who takes the stand and gives testimony inconsistent with his answers to the interrogatories. A party cannot ordinarily introduce his own answers to an opponent's interrogatories, since they would be self-serving statements. The answers of one defendant are not admissible as against another defendant, unless they should fall within some exception to the hearsay rule. *If some of a party's answers are properly introduced, the party who gave the answers may be allowed to introduce other answers that explain or correct the answers already introduced.*" (Emphasis added.)

Also see 2A Barron and Holtzoff, Federal Practice and Procedure, § 778.

The 1970 amendments to the Federal rules modify Rule 33 to permit answers to interrogatories to be "used to the extent permitted by the rules of evidence." The Advisory Committee's Note to the Proposed Draft of the Rules said:

"The use of answers to interrogatories at trial is made subject to the rules of evidence. The provisions governing use of depositions, to which Rule 33 presently refers, are not entirely apposite to answers to interrogatories, since deposition practice contemplates that all parties will ordinarily participate through cross-examination."

Despite the sweeping language of 302.4(4) it seems clear that the rules of evidence do not permit "any party" to introduce "any other parts" of an interrogatory once it is introduced as evidence. However, as the quotations above indicate, an adverse party may require that any part of the interrogatory "which is relevant to the part introduced" be read.

Honigman and Hawkins say Rule 302.4(4) "is designed to prevent unfairness which may result if a statement is taken out of context." In their comments to Rule 309, they conclude that an answering party may not use the interrogatory "except to the extent that related answers may be put in evidence to prevent the unfairness of taking a single answer out of context."

Other commentators support these conclusions. Rule 302.4(4) is drawn from former Federal Rule of Civil Procedure 26(d)(4). In 3 Kooman, Federal Civil Practice, § 26.21, the following analysis is made:

"This requirement provides a method of avoiding, as far as possible, any misimpressions from selective use of deposition testimony. The opposing party is entitled under the rule to have the context of any statement, or any qualification made as a part of the deponent's testimony, put in evidence. The spirit of the rule dictates that the opposing party be able to require the introduction of such relevant parts of the deposition testimony at the conclusion of the reading of the part originally introduced."

Also see 2A Barron and Holtzoff, Federal Practice and Procedure, § 654.

The Federal rule was amended in 1970 to permit introduction of "any other part which ought in fairness to be considered with the part introduced". Wright and Miller say this avoids the danger "that the statement of the witness will be misinterpreted by selective use of portions of his [interrogatory] out of context or with qualifications of it omitted"—a comment germane to the case at bar.

## CONCLUSION

Justice LEVIN's dissent in the Court of Appeals

states the proper aim of 302.4(4). However, he concluded that "the portion which Firestone was permitted to introduce was not 'relevant' within the meaning" of the court rule.

Justice SWAINSON adopts the analysis but not the conclusion of Justice LEVIN. He does not believe that "the admission of the hearsay was prejudicial in itself or reasonably could have influenced the jury by highlighting the court testimony of defendant's expert". This renders the alleged error harmless, he maintains.

I disagree with both conclusions. Although the trial judge proceeded on the erroneous assumption that once the interrogatory was used all parts of it were admissible, a proper result was achieved. The questions and answers which defendant had read were limited and relevant to the excerpts which plaintiffs introduced. Presenting the information imparted by responses to the first five questions prevented unfairness. To prohibit introduction of this material would have given that introduced by plaintiffs a misleading impact unwarranted by the circumstances. Defendant was entitled to demonstrate the context from which the information was derived. I perceive no error and would affirm the Court of Appeals.

LEVIN and J. W. FITZGERALD, JJ., did not sit in this case.