SIMS v CILLUFFO

1. EVIDENCE—INTERROGATORY ANSWERS—APPEAL AND ERROR—HARMLESS ERROR.

The error which a trial court committed by permitting a defendant to introduce a certain interrogatory answer into evidence was harmless and not such as to require a new trial where substantial testimony was introduced at trial on the issue to which the answer pertained, and where the jury was adequately advised of the nature of the question involved.

2. NEGLIGENCE—EVIDENCE—AREA OF RESPONSIBILITY—APPEAL AND ERROR—HARMLESS ERROR.

Any error which may have occurred in permitting the introduction by general contractors who were defendants in a negligence action of certain evidence showing the area of their responsibility was not reversible where the evidence complained of did not result in the case being submitted to the jury on a different theory and where it did not establish that the deceased was killed in an area other than that controlled by the defendants.

3. TRIAL—COURT RULES—PLAINTIFF'S THEORY OF CASE—JUDGE'S VERSION—READING TO THE JURY—FAIRNESS.

The court rules permit a trial judge to read to the jury his own version of plaintiff's theory of the case rather than the theory proposed by plaintiff, and no error occurs when the theory read by the trial judge is fair in all respects (GCR 1963, 516.7).

Appeal from Wayne, Roland L. Olzark, J. Submitted Division 1 October 16, 1974, at Detroit. (Docket No. 17077.) Decided December 5, 1974. Leave to appeal denied, 393 Mich 813.

Complaint by Lorraine Sims, administratrix of the estate of Presley K. Sims, against Anthony J.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error §§ 793, 819.
[3] 75 Am Jur 2d, Trial § 611.

Cilluffo, Cooke Contracting Company, Greenfield Construction Co., Inc., and C. A. Hull Company Inc, for wrongful death. Dismissed with prejudice, as to defendant Cilluffo. Judgment for remaining defendants. Plaintiff appeals. Affirmed.

*Charles N. Shere,* for plaintiff.

*Dice, Sweeney, & Sullivan, P. C.* (by *Altero J. Alteri* and *Jack E. VanderMale),* for defendant Cooke Contracting Company.

*Finch & Finch,* for defendants Greenfield Construction Co., Inc., and C. A. Hull Company, Inc.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and CARLAND,* JJ.

T. M. BURNS, J. Plaintiff, Lorraine Sims, brought this action as administratrix of the estate of Presley K. Sims and now appeals from a judgment entered upon a jury verdict of no cause for action as to all defendants. Several assignments of error are presented for our consideration. We affirm.

Plaintiff first claims that the trial court committed reversible error by permitting defendant Cooke Contracting Company to introduce a certain interrogatory answer into evidence. While we agree that the trial court erred in permitting the introduction of this evidence, we do not agree that it constituted reversible error. Substantial testimony was introduced at trial on the issue of contributory negligence, and the jury was adequately advised of the nature of the question. The error which here occurred was harmless and not such as to require a new trial. See *Hanlon v Firestone Tire Co,* 391 Mich 558; 218 NW2d 5 (1974).

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Plaintiff next contends that the trial court erred in permitting the general contractors to introduce certain evidence showing the area of their responsibility. The evidence complained of, however, did not result in the case being submitted to the jury on a different theory nor did it establish that the deceased was killed in an area other than that controlled by these defendants. Accordingly, we hold that any error which may have occurred through the introduction of this evidence was not reversible. GCR 1963, 529.1.

Reversible error is next predicated on the fact that the trial court read to the jury his own version of plaintiff's theory of the case rather than that proposed by plaintiff. The procedure here followed by the trial court is permitted by GCR 1963, 516.7, and the theory of plaintiff's case, which the trial court read to the jury, was fair in all respects. We find no error.

Plaintiff next contends that the trial court erred in denying plaintiff's motion for a mistrial. This motion was based on the fact that the trial court sustained certain defense objections raised during the questioning of plaintiff's expert. A complete review of the record in this area, however, discloses no error. The trial court here was properly attempting to assure that the evidence was presented to the jury in an understandable manner and that the expert's opinion was based on facts in evidence.

It is lastly argued that certain rulings of the trial court prejudiced plaintiff's case in the eyes of the jury and, by so doing, injected reversible error into the proceedings. This contention is totally without merit and warrants no further discussion.

Affirmed.

V. J. BRENNAN, P. J., did not participate.