*In Re* JOHNSON ESTATE

Docket No. 57314. Submitted June 1, 1982, at Grand Rapids.—Decided September 24, 1982.

Lawrence L. Kitchen, Ralph Kitchen, and others, filed a petition in the Probate Court for the County of Cheboygan seeking a determination of the rights of heirs to property held in joint ownership by Thelma Johnson, the deceased, and Kenneth Kitchen, Thelma Johnson's nephew. The petition was subsequently amended to allege that a confidential relationship had existed between Thelma Johnson and respondents Kenneth Kitchen or Rosanna Kitchen, Kenneth's mother. The petition further alleged that Kenneth or Rosanna Kitchen had exerted undue influence upon Thelma Johnson causing her to establish certain joint bank accounts and that Thelma Johnson was mentally incompetent at the time the accounts were established. At the conclusion of the evidence the jury returned a verdict in favor of the respondents. Petitioners then moved for a judgment notwithstanding the verdict or a new trial. The trial court, John Henry Butts, J., denied the motion. Petitioners appeal from the order denying their motion for a new trial. *Held:*

1. The probate court did not err in allowing the respondents to read to the jury only the portion of Ralph Kitchen's deposition which contained an admission by him contrary to allegations filed by him in the probate court. The additional portion of the deposition which the petitioners wanted read was not relevant to the portion introduced by the respondents. The petitioners did not want the statements introduced to clarify or qualify statements introduced by the respondents. The respondents did not quote from the deposition out of context so as to unfairly present its content. In addition, the judge did rule that

REFERENCES FOR POINTS IN HEADNOTES
[1] 23 Am Jur 2d, Depositions and Discovery § 108.
[2] 29 Am Jur 2d, Evidence § 253.
[3] 29 Am Jur 2d, Evidence § 806.
[4] 5 Am Jur 2d, Appeal and Error § 880.
   29 Am Jur 2d, Evidence § 251.
[5] 29 Am Jur 2d, Evidence § 839.

respondents could introduce any part of the deposition, or the entire deposition, to the jury, however, petitioners chose not to exercise that right and, thus, could not claim prejudice.

2. The probate court did not err in excluding from evidence a portion of the decedent's medical records since such records could not supply the jury with any useful information concerning the decedent's mental abilities during the relevant time period when the joint accounts were established.

3. The probate court did not abuse its discretion by admitting into evidence certain writings by the decedent through the testimony of Rosanna Kitchen, who was familiar with the decedent's handwriting. The respondents satisfied the authentication requirement of the rules of evidence and the trial court determined the writings to be relevant. Respondents did not have to establish that the writings were the independent work product of the decedent. The fact that the decedent may have had help in composing the writings went to their weight, not their admissibility.

Affirmed.

1. EVIDENCE — DEPOSITIONS — COURT RULES.

A court rule provides that an adverse party may require a party who has offered only a part of a deposition in evidence to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts; such rule is designed to prevent unfairness which could result if a statement is taken out of context (GCR 1963, 302.4[4]).

2. EVIDENCE — RELEVANCE.

Evidence sought to be introduced in a trial is properly excluded where such evidence cannot supply the jury with any useful information concerning the issue at trial during the time period relevant to the issue.

3. EVIDENCE — AUTHENTICATION — WRITINGS BY DECEDENTS — RULES OF EVIDENCE.

The authentication requirement pertaining to the admission of evidence of writings may be satisfied in regards to the admission of writings by a decedent by testimony of a person who was familiar with the decedent's handwriting (MRE 901).

4. EVIDENCE — APPEAL.

Decisions with respect to materiality and relevance of evidence are within the sound discretion of the trial court and are reversible only upon a showing of an abuse of discretion.

5. EVIDENCE — ADMISSIBILITY — WRITINGS BY DECEDENTS — INDEPEN-
DENT WORK PRODUCTS.

The rules of evidence do not require a party seeking to introduce
evidence consisting of writings by a decedent to establish that
the writings were the independent work product of the dece-
dent; the fact that the decedent may have had help in compos-
ing the writings goes to their weight and not their admissibil-
ity.

*Cain, Patrick & Johnson, P.C.* (by *Peter Patrick*),
for petitioners.

*Lyon, Mellon, Conboy & Hackett* (by *Joseph J.
Mellon*), for respondents.

Before: R. B. BURNS, P.J., and MACKENZIE and
L. C. ROOT,* JJ.

PER CURIAM. On August 27, 1980, the appellants
filed a petition in the probate court seeking a
determination of the rights of heirs to property
held in joint ownership by Thelma Johnson, the
deceased, and Kenneth Kitchen, Thelma's nephew.
The petition was amended on October 6, 1980, to
allege that a confidential relationship had existed
between Thelma Johnson and Kenneth Kitchen or
Rosanna Kitchen, Kenneth's mother. The petition
further alleged that Kenneth or Rosanna Kitchen
had exerted undue influence upon Thelma, which
caused her to establish certain joint bank ac-
counts. The petition also alleged that Thelma
Johnson was mentally incompetent at the time the
accounts were established.

A jury trial was held on January 8, 1981, in the
probate court. At the conclusion of all of the
evidence, the jury returned a verdict in favor of
the respondents. The petitioners moved for a judg-
ment notwithstanding the verdict or, in the alter-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

native, a new trial. The trial court denied the petitioners' motion. The petitioners appeal of right from the order denying their motion for a new trial.

The petitioners contend that the trial court erred in allowing the respondents to read only a portion of Ralph Kitchen's deposition to the jury. We disagree. GCR 1963, 302.4(4) states:

"(4) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it *which is relevant to the part introduced,* and any party may introduce any other parts." (Emphasis added.)

The reasoning behind this rule is obvious. It is designed to prevent unfairness which could result if a statement is taken out of context. 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 59; *Hanlon v Firestone Tire & Rubber Co,* 391 Mich 558; 218 NW2d 5 (1974). The portion of the deposition which the petitioners wanted read in this case was not relevant to the portion introduced by the respondents. The trial record reveals that the petitioners did not want the statements introduced to clarify or qualify statements introduced by the respondents. The portion of Ralph Kitchen's deposition which was read to the jury contained an admission by him to the effect that Kenneth Kitchen was the favorite nephew of the decedent. This statement is contrary to allegations filed by the petitioners, including Ralph Kitchen, in the probate court. The part of the deposition which the petitioners sought to have read to the jury, immediately after the respondent's reading of the above-referenced portion, related to Ralph Kitchen's opinion that Kenneth Kitchen did not hold the deceased in very high esteem. While

perhaps admissible and relevant in its own right, that part of the deposition was not relevant to the part introduced by the respondents. Given that fact, as well as the fact that the respondents did not quote from the deposition out of context so as to unfairly present its content, there was no error in not requiring the respondents to read to the jury that portion urged by the petitioners. In addition, pursuant to GCR 1963, 302.4(3), the probate judge specifically ruled that the respondents could introduce any part of the deposition, or the deposition it its entirety, to the jury. For reasons known only to them, the petitioners chose not to exercise that right and cannot now be heard to complain that they were prejudiced.

The petitioners next contend that the trial court erred in excluding from evidence a portion of the decedent's medical records. Again, we disagree. The records which the petitioners sought to introduce describe the decedent's condition as it existed in June of 1980. At that time the decedent was suffering from the apparently advanced stages of terminal cancer. The issue at trial was whether the decedent was competent or subject to undue influence when she established the joint accounts in 1974, 1975, and 1978. Since the report which the petitioners sought to introduce could not supply the jury with any useful information concerning the decedent's mental abilities during the relevant time period, the report was properly excluded.

The petitioner's final contention is that the trial court erred by admitting into evidence certain writings through the testimony of Rosanna Kitchen, who was familiar with the decedent's handwriting. Thus, the respondents did satisfy the authentication requirement of MRE 901. Of

course, the writings must also have been relevant to be admissible. The trial court determined that the writings were appropriate to refute the petitioner's contention that the decedent was retarded since birth and had only the writing ability of a first grader. Decisions with respect to materiality and relevance of evidence are within the sound discretion of the trial court and are reversible only upon a showing of an abuse of discretion. *Jones v Morgan,* 58 Mich App 455, 462; 228 NW2d 419 (1975). We find no such abuse. Petitioners also argue that the writings should not have been admitted because respondents failed to establish that the writings were the independent work product of the decedent. There appears to be no such rule of evidence requiring such a showing. The fact that the decedent may have had help in composing the writings went to their weight and not their admissibility.

Affirmed.