DEW v CITY OF LIVONIA

Docket No. 105489. Submitted April 5, 1989, at Detroit. Decided June
15, 1989.

Faith Dew was injured while using the ladder to enter an outdoor
swimming pool operated by the City of Livonia. Faith Dew and
her husband, Roderick Dew, brought a negligence action in
Wayne Circuit Court to recover damages from the City of
Livonia for those injuries. Defendant moved for summary dispo-
sition on the basis of governmental immunity, filing with the
motion the affidavit of the superintendent of the city's parks
and recreation department which stated that the pool was
operated for the use and recreation of the residents and was
primarily funded by general tax funds with the admission fee
being only a small part of the funding and that such fees did
not produce a profit to the city. The trial court, Richard P.
Hathaway, J., granted the motion. Plaintiffs appealed.

The Court of Appeals held:

1. Since the pool was funded primarily by general tax funds,
was operated for the use and recreation of the residents and
was not operated with the intent to produce a profit, it was not
a proprietary function.

2. Since the pool was outside and not the part of any public
building, the pool does not fall within the public building
exception to governmental immunity.

Affirmed.

1. GOVERNMENTAL IMMUNITY — PROPRIETARY FUNCTIONS — MUNICI-
    PALITIES — SWIMMING POOLS.

The operation of a swimming pool by a city is not proprietary in
nature where the cost of the operation of the pool comes
primarily from general taxes and only a small portion of the
cost is supplied by admission fees and the pool is operated for
the use and recreation of the residents of the city rather than

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability
§§ 308 et seq.

State's immunity from tort as dependent on governmental or pro-
prietary nature of function. 40 ALR2d 927.

with the intent to produce a profit (MCL 691.1413; MSA 3.996[113]).

2. GOVERNMENTAL IMMUNITY — PUBLIC BUILDING EXCEPTION — SWIMMING POOLS.

An allegation that one was injured on a ladder at a municipally-operated outdoor swimming pool does not state a claim which comes within the scope of the public building exception to statutory governmental immunity, since an outdoor public swimming pool is neither a public building nor a part of a public building (MCL 691.1406; MSA 3.996[106]).

*Paul D. Sherr,* for plaintiffs.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe* and *Edward E. Salah*), for defendant.

Before: DANHOF, P.J., and WAHLS and GRIFFIN, JJ.

PER CURIAM. Faith Dew (hereinafter plaintiff) and her husband, Roderick Dew, appeal as of right from a December 3, 1987, order of the Wayne Circuit Court granting the motion for summary disposition of defendant, City of Livonia. Plaintiff filed suit against the city after she injured her left knee and ankle at a city-owned, outdoor, below-ground swimming pool while using a ladder to enter the pool. She alleged that "the first step [of the ladder] tilted backwards toward the side of the pool, trapping her left foot and leg between the steps and the concrete wall of the pool resulting in . . . injuries." In the trial court, defendant argued that it was entitled to the protection of governmental immunity in this tort action because its operation of the swimming pool did not constitute a proprietary function and because plaintiff's injuries were not a result of a dangerous or defective condition of a public building. The circuit court, after conducting a hearing on defendant's

motion on November 13, 1987, issued an order on December 3, 1987, granting defendant's motion. In its order, the sole explanation provided by the court was that "Ross v Consumers Power is controlling." We affirm.

First, plaintiff argues that the trial court erred in granting summary disposition in favor of defendant because "[w]hether the operation of [the pool] is an activity proprietary in nature is a question of fact for the jury." It is well established that an exception to governmental immunity exists for activities performed by a governmental entity which are proprietary in nature. See *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 618; 363 NW2d 641 (1984); MCL 691.1413; MSA 3.996(113). To be proprietary in nature, an activity must be conducted primarily for the purpose of producing a pecuniary profit and must not normally be supported by taxes or fees. *Charbeneau v Wayne Co General Hosp*, 158 Mich App 730, 732; 405 NW2d 151 (1987); *Hyde v University of Michigan Bd of Regents*, 426 Mich 223, 258-260; 393 NW2d 847 (1986); *Totsky v Henry Ford Hosp*, 169 Mich App 286, 290-292; 425 NW2d 531 (1988).

In this case, defendant attached an affidavit to its motion for summary disposition in which the superintendent of defendant's Parks and Recreation Department stated that the pool in which plaintiff was injured "was not [operated] primarily to produce a profit, but . . . for the use and recreation of the residents of the City of Livonia," that "the funding of the [pool] came out of monies produced by the general taxes, and to a small extent, from admission fees," and that "the fees generated from the operation of the [pool] did not produce a profit, were not intended to produce a profit, but were only intended to defray part of the costs of operating the pool." Based on this unrebutted information, we believe that the trial court

did not err in concluding that the operation of the pool did not constitute a proprietary function.

Second, plaintiff argues that the trial court erred in granting summary disposition in favor of defendant on the basis of plaintiff's failure to state a claim under the public building exception to governmental immunity. It is well established that an exception to governmental immunity exists for bodily injury sustained resulting from the dangerous or defective condition of a public building. See *Ross, supra,* p 594; MCL 691.1406; MSA 3.996(106).

In recent judicial decisions it has been made very clear that the public building exception to governmental immunity was intended by the Legislature to apply to "dangers actually presented by the building itself," and not to all injuries incurred inside or adjacent to a public building. *Reardon v Dep't of Mental Health,* 430 Mich 398, 415; 424 NW2d 248 (1988); see also *Velmer v Baraga Area Schools,* 430 Mich 385; 424 NW2d 770 (1988), *Gunn v Northville State Hosp,* 171 Mich App 669; 430 NW2d 815 (1988), and *Gillam v Lloyd,* 172 Mich App 563, 590; 432 NW2d 356 (1988). Plaintiff's injuries in this case did not occur due to dangers actually presented by a public building, but rather due to dangers presented by a ladder in an outdoor public swimming pool. An outdoor swimming pool is neither a building nor a part of a public building. Moreover, while the swimming pool was in a public place, the Supreme Court has clarified that "the duty to maintain safe pubic places relates to, but does not extend beyond, the condition of a public building itself or the immediately adjacent premises." *Reardon, supra,* p 415. Accordingly, we find that the trial court in this case did not err in granting defendant's motion for summary disposition on the basis that plaintiff had

failed to state a claim under the public building exception to governmental immunity.

Affirmed.