AZZAR v PRIMEBANK, FSB

Docket No. 131450. Submitted October 13, 1992, at Grand Rapids. Decided March 2, 1993, at 9:00 A.M. Leave to appeal sought.

James D. Azzar and Extrusions Division, Inc., shareholders of Primebank, FSB, brought an action in the Kent Circuit Court against Primebank and its board of directors, alleging breach of fiduciary duty relating to the defendants' refusal to provide certain corporate records requested by the plaintiffs, and to the defendants' efforts in blocking approval by the Federal Home Loan Bank Board of the plaintiffs' proposed purchase of additional Primebank common stock. The plaintiffs sought damages for lost profits and an injunction prohibiting the defendants from denying the plaintiffs access to the requested records. The court, Dennis C. Kolenda, J., granted summary disposition for the defendants, ruling that the plaintiffs had failed to assert a claim on which relief could be granted. The plaintiffs appealed.

The Court of Appeals *held:*

1. The defendants, in opposing approval by the Federal Home Loan Bank Board of the plaintiffs' proposed stock acquisition, were exercising their right to petition the government under the First Amendment, which shields them from liability. Even if the defendants knowingly and maliciously made false accusations, liability does not attach because the plaintiffs did not sue for defamation.

2. The trial court did not abuse its discretion in denying the requested injunction. Most of the requested records bore no relation to the stated purposes for which the plaintiffs sought them, and an adequate remedy at law existed for the plaintiffs' claim.

3. The trial court did not err in concluding that the plaintiffs had failed to state a claim upon which relief could be granted. The plaintiffs' claim was so clearly unenforceable as a matter

REFERENCES

Am Jur 2d, Constitutional Law §§ 526-528; Injunctions §§ 24, 25, 39, 40, 48.

Right of petition and assembly under Federal Constitution's First Amendment—Supreme Court cases. 86 L Ed 2d 758.

of law that no factual development could justify a right of recovery.

Affirmed.

1. CONSTITUTIONAL LAW — RIGHT TO PETITION GOVERNMENT — TORT LIABILITY.

The First Amendment guarantee of the right to petition government precludes tort liability, except liability for defamation, for injuries arising from a person's efforts to influence governmental action where such efforts are not a sham.

2. INJUNCTIONS — DISCRETIONARY RELIEF.

Injunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there is real and imminent danger of irreparable injury; the decision whether to issue an injunction is within the discretion of a trial court.

*Gruel, Mills, Nims & Pylman* (by *Grant J. Gruel* and *Brion J. Brooks*), for the plaintiffs.

*Miller, Johnson, Snell & Cummiskey* (by *Richard Postma, Jon G. March,* and *Richard R. Hyde*), and *Howard & Howard* (by *John W. Allen*), for the defendants.

Before: HOLBROOK, JR., P.J., and MACKENZIE and SAWYER, JJ.

PER CURIAM. Plaintiffs, James D. Azzar and Extrusions Division, Inc., appeal as of right a July 30, 1990, Kent Circuit Court opinion and order granting the defendants summary disposition pursuant to MCR 2.116(C)(8). We affirm.

This appeal arises from the plaintiffs' action against the defendants, Primebank and its board of directors, for breach of fiduciary duty. Azzar owned one hundred percent of the common stock of Extrusions Division, Inc. Primebank was a federally chartered savings bank. Azzar and Extrusions Division, Inc., collectively owned 9.98 percent of Primebank's common stock.

In late 1988, the plaintiffs considered buying an additional fifteen percent of Primebank's common stock. Federal regulations in effect at that time required the Federal Home Loan Bank Board (FHLBB) to approve such an acquisition. To receive approval of the FHLBB, the plaintiffs filed a "rebuttal of control" document explaining with particularity why no control relationship would exist if the acquisition were permitted. Defendants opposed the plaintiffs' acquisition of additional stock and informed the FHLBB that the plaintiffs provided the FHLBB with incomplete information. After making inquiries of the plaintiffs, the FHLBB found their "rebuttal of control" to be "materially insufficient" and required them to provide additional information. Unless overturned at a higher regulatory level, that finding barred the plaintiffs from buying more Primebank stock.

On November 16, 1989, Primebank and First of America bank agreed to merge. First of America was to acquire all of Primebank's issued and outstanding common stock. The merger agreement contained a "lock-up warrant" entitling First of America to purchase unissued shares of Primebank stock at twenty dollars a share upon the occurrence of certain events.

On December 4, 1989, the plaintiffs requested permission to examine Primebank's books, records, list of stockholders, and other documents. Defendants denied access to the documents because the plaintiffs' request was overly broad and not relevant to their stated purpose in requesting the documents.

On April 23, 1990, the plaintiffs filed their complaint, alleging that the defendants breached the fiduciary duty they owed the plaintiffs and the other stockholders of Primebank. Plaintiffs also alleged that the defendants wrongfully refused to

honor shareholder requests for valuation information. Plaintiffs sought actual damages for the profits they would have received had they been approved to purchase additional shares of stock, costs and fees, interest, and a preliminary and permanent injunction prohibiting the defendants from refusing to immediately furnish the requested information.

The circuit court determined that the defendants' actions in petitioning the FHLBB constituted an attempt to influence governmental action and were thus immune from liability. The court held that the First Amendment of the United States Constitution barred litigation arising from injuries incurred as a consequence of First Amendment petitioning activities because the prospect of litigation would chill the exercise of the right to petition. The court determined that even if the defendants' petitioning of the FHLBB was a sham because it was based on false information, their efforts were immune from liability because successful petitioning was presumed to be genuine.

The court also denied the plaintiffs' request for an injunction requiring the defendants to provide all the shareholder information they requested. The court determined that equitable considerations weighed against the plaintiffs because their document demand substantially overreached the legal requirement and they did not have clean hands. The court held that the plaintiffs had effectively injured themselves by ignoring the defendants' attempt to mitigate damages and resolve any differences between the parties. The court also determined that the plaintiffs did not really want the documents, but wanted more money, and used the document issue to perpetuate the lawsuit.

On appeal, plaintiffs first argue that the circuit court erred in holding that the First Amendment

protected the defendants from liability for breach of fiduciary duty.

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Hutchinson v Allegan Co Bd of Road Comm'rs (On Remand),* 192 Mich App 472, 475; 481 NW2d 807 (1992). All factual allegations made in support of the claim are accepted as true, as well as any reasonable inferences that can be drawn therefrom. *Parkhurst Homes, Inc v Mc-Laughlin,* 187 Mich App 357, 360; 466 NW2d 404 (1991). The motion is properly granted when the claim is so clearly unenforceable as a matter of law that no factual dispute could justify a right to recovery. *Shuttleworth v Riverside Osteopathic Hosp,* 191 Mich App 25, 27; 477 NW2d 453 (1991).

The right to petition, as guaranteed by the First Amendment of the United States Constitution,[1] protects the right of the people to inform their representatives in government of their desires with respect to the passage or enforcement of laws, regardless of their intent in doing so. *Eastern Railroad Presidents Conference v Noerr Motor Freight, Inc,* 365 US 127, 139; 81 S Ct 523; 5 L Ed 2d 464 (1961), reh den 365 US 875 (1961). The Supreme Court in *Noerr, supra,* p 143, continued:

> It is inevitable, whenever an attempt is made to influence legislation by a campaign of publicity, that an incidental effect of that campaign may be the infliction of some direct injury upon the interests of the party against whom the campaign is directed.

Accordingly, unless the petitioning is a sham,

---

[1] US Const, Am I, provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of people peaceably to assemble, and to petition the Government for a redress of grievances."

the knowing infliction of injury from petitioning does not render the campaign illegal because to hold otherwise would be tantamount to outlawing all such campaigns. *Id.,* pp 143-144. See also *United Mine Workers v Pennington,* 381 US 657, 669-672; 85 S Ct 1585; 14 L Ed 2d 626 (1965). The doctrine espoused in *Noerr* and *Pennington* has been applied mainly in antitrust matters. See *Allied Tube & Conduit Corp v Indian Head, Inc,* 486 US 492; 108 S Ct 1931; 100 L Ed 2d 497 (1988); *California Motor Transport Co v Trucking Unlimited,* 404 US 508; 92 S Ct 609; 30 L Ed 2d 642 (1972). However, the *Noerr-Pennington* doctrine is a principle of constitutional law that bars litigation arising from injuries received as a consequence of First Amendment petitioning activity, regardless of the underlying cause of action asserted by the plaintiffs. *Webb v Fury,* 167 W Va 434; 282 SE2d 28 (1981). See also *Pennwalt Corp v Zenith Laboratories, Inc,* 472 F Supp 413, 424 (ED Mich, 1979), app dis 615 F2d 1362 (CA 6, 1980); *Baker Driveaway Co, Inc v Bankhead Enterprises, Inc,* 478 F Supp 857, 859 (ED Mich, 1979). Thus, we agree with the circuit court that the defendants' actions in petitioning the FHLBB constituted an attempt to influence governmental action that was immune from liability under the First Amendment.

Plaintiffs next argue that the circuit court erred in holding that the First Amendment protected the defendants from tort liability for intentionally misrepresenting facts to the FHLBB. Although we accept as true the factual allegation that the defendants intentionally misrepresented facts to the FHLBB, *Parkhurst Homes, Inc, supra,* we disagree with the plaintiffs. Allegations in a complaint of knowing falsehoods are generally protected from liability under the First Amendment

right to petition because citizens would be deterred from petitioning the government if that were not so. *Stern v United States Gypsum, Inc,* 547 F2d 1329, 1345 (CA 7, 1977), cert den 434 US 975 (1977). Because plaintiffs may easily allege that defendants knowingly and maliciously made false accusations, protecting such knowingly and maliciously made allegations provides breathing space for the First Amendment right to petition the government. *Havoco of America, Ltd v Hollobow,* 702 F2d 643, 649 (CA 7, 1983). Moreover, the Supreme Court has recently held that the sham exception to the *Noerr* doctrine involves a defendant whose activities are not genuinely aimed at procuring favorable government action at all and is inapplicable to the defendant who genuinely seeks to achieve his governmental result, but does so through improper means. *City of Columbia v Omni Outdoor Advertising, Inc,* 499 US —; 111 S Ct 1344, 1354; 113 L Ed 2d 382, 398 (1991).

Nevertheless, knowingly and maliciously made allegations in petitions to government are not protected under the First Amendment from liability for defamation. *McDonald v Smith,* 472 US 479; 105 S Ct 2787; 86 L Ed 2d 384 (1985); *Hodgins Kennels, Inc v Durbin,* 170 Mich App 474, 483; 429 NW2d 189 (1988). However, defamation actions are unique because they involve an individual's right to the protection of a good name. *Gertz v Robert Welch, Inc,* 418 US 323, 341; 94 S Ct 2997; 41 L Ed 2d 789 (1974). Because the present case is not a defamation case, we find the defamation exception to the protection afforded by the First Amendment right to petition is inapplicable. *Stern, supra.* Thus, the First Amendment protected the defendants from tort liability for intentionally misrepresenting facts to the FHLBB because knowing false-

hoods are generally protected under the First Amendment right to petition.

Next, plaintiffs argue that the circuit court erred in finding that the defendants had successfully petitioned the FHLBB because they had not been successful on the merits of their administrative challenge. Plaintiffs maintain that any success the circuit court perceived is legally insufficient to warrant any presumption that the defendants engaged in protected petitioning. Plaintiffs also argue that the defendants' petitioning efforts are not entitled to protection under the First Amendment because they were a sham. Citing *Trepel v Pontiac Osteopathic Hosp,* 135 Mich App 361; 354 NW2d 341 (1984), plaintiffs assert that the right to petition does not preclude liability because the defendants knowingly falsified information sent to the FHLBB.

From the face of the plaintiffs' complaint, we find that the defendants' petitioning efforts were successful. Plaintiffs alleged that the defendants sent information to the FHLBB, which is charged with determining whether the plaintiffs had provided sufficient information to rebut the presumption of control. Plaintiffs admitted in their complaint that the FHLBB adopted the defendants' contention that the plaintiffs had not submitted adequate information to rebut the presumption of control. The FHLBB informed the plaintiffs that their filing was materially insufficient. Thus, the circuit court did not err in determining that the defendants were successful in their petitioning efforts.

Plaintiffs' reliance upon *Trepel, supra,* is misplaced. This Court in *Trepel* noted that the counterdefendants' petition was a sham because it was sent to an agency that lacked the authority to review it. In the present case, the FHLBB was the

proper agency to review the contents of the defendants' petition. See *Stern, supra.* The FHLBB is an agency that seeks and desires communication. 12 CFR 574.1 *et seq.* Moreover, the sham exception is inapplicable when petitioning efforts are successful. *Noerr, supra,* p 144; *First Nat'l Bank of Omaha v Marquette Nat'l Bank of Minneapolis,* 482 F Supp 514, 519 (D Minn, 1979), aff'd 636 F2d 195 (CA 8, 1980), cert den 450 US 1042 (1981).

Finally, the plaintiffs claim that the circuit court erred in denying their request for an injunction prohibiting the defendants from refusing to furnish the information requested by the plaintiffs. Plaintiffs argue that they were entitled to all the information they requested from the defendants. They further contend that the circuit court erroneously granted the defendants summary disposition against their request despite the existence of genuine issues of material fact. We disagree.

Injunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there is real and imminent danger of irreparable injury. *Holly Twp v Dep't of Natural Resources (On Rehearing),* 194 Mich App 213, 216; 486 NW2d 307 (1992). The decision whether to issue an injunction is within the discretion of the trial court. *Id.; Comm'r of Ins v Advisory Bd of the Michigan State Accident Fund,* 173 Mich App 566, 578; 434 NW2d 433 (1988).

Any stockholder with not less than five percent of the total outstanding voting shares of a federal stock association has the right to examine the association's "books and records of account, minutes and record of stockholders" upon written demand stating a proper purpose. 12 CFR 552.11(b)(2). A shareholder is only entitled to inspect documents that are relevant to a proper purpose. *Fle-*

*isher Development Corp v Home Owners War-*
*ranty Corp,* 272 US App DC 367, 375; 856 F2d
1529 (1988).

In their demand for the documents, the plain-
tiffs' stated purpose was to determine the value of
the shares held by them, to communicate with
other shareholders, and to ascertain the existence
of possible mismanagement at Primebank in con-
nection with the recent acquisition discussions
with First of America. Plaintiffs then requested
permission to examine the books of account of
Primebank; documents relating to stock issuances
since January 1987; minutes of meetings of the
stockholders and directors; any agreements and
correspondence between Primebank and First of
America or any of its representatives; documents
concerning the compensation of officers and direc-
tors of Primebank; Primebank's tax returns for
the last three fiscal years; all current material
contracts of Primebank; current stock option
plans; any and all agreements with investment
bankers; any financial projections prepared by
Primebank's management; and current stock-
holder agreements. We find that most of these
documents are irrelevant to the plaintiffs' purpose
in requesting them. *Fleisher Development Corp,
supra.* In addition, an adequate remedy at law
existed for the plaintiffs' claim, as evidenced by
their request for monetary damages for the defen-
dants' failure to provide the documents. *Holly
Twp, supra.* Further, the circuit court noted that
the defendants had offered to meet with the plain-
tiffs and provide them all the documents to which
they were entitled, but the plaintiffs failed to
respond. Accordingly, the circuit court did not
abuse its discretion in denying the plaintiffs' re-
quest for an injunction.

Finally, we conclude that the circuit court did

not err in granting the defendants summary disposition despite the existence of genuine issues of material fact. The circuit court granted the defendants summary disposition pursuant to MCR 2.116(C)(8) because the plaintiffs failed to state a claim upon which relief could be granted. We agree with the circuit court that the plaintiffs' complaint did not state a claim upon which injunctive relief could be granted. The motion was properly granted because the claim was so clearly unenforceable as a matter of law that no factual development could justify a right to recovery. *Shuttleworth, supra.*

Affirmed.