SUMMERS v CITY OF DETROIT

Docket No. 145399. Submitted January 18, 1994, at Detroit. Decided June 21, 1994, at 9:15 A.M. Leave to appeal sought.

Elon Summers, individually and as personal representative of the estate of Brian A. Summers, brought an action in the Wayne Circuit Court against the City of Detroit and several individual city officials and employees. The action arose out of the drowning death of Brian Summers in an outdoor swimming pool owned by the city after the boy had gained access to the closed pool by going through a gap in a chained gate. The court, Samuel A. Turner, J., granted summary disposition for the defendants, holding that the action against the city was barred by governmental immunity and the action against the individual defendants failed to state a claim on which relief could be granted. The plaintiff appealed.

The Court of Appeals *held*:

1. Because the parties do not dispute that the city's operation of the pool was the exercise of a governmental function, the city is immune from tort liability unless subject to an exception from immunity.

2. The pool and fence do not constitute a public building within the meaning of the public building exception, MCL 691.1406; MSA 3.996(106).

3. Public nuisance is not an exception to governmental immunity.

4. Because the fence, gate, and pool do not constitute a nuisance at all times and under all circumstances, the plaintiff has failed to plead a nuisance per se.

5. Because the doctrine of attractive nuisance was not recognized as an exception to governmental immunity before July 1, 1965, attractive nuisance does not constitute an exception to governmental immunity. Accordingly, the trial court properly

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability § 148.

See ALR Index under Attractive Nuisances; Governmental Immunity or Privilege.

granted summary disposition for the city on the basis of governmental immunity.

6. The plaintiff alleged no special relationship or other circumstances that would have created a duty of care by the individual defendants for the decedent. Because no duty of care was pleaded, the trial court properly concluded that the individual defendants were entitled to judgment as a matter of law with respect to the negligence claim.

7. The doctrine of attractive nuisance is applicable only to those who both possess and control land and, thus, is not applicable to these individual defendants.

8. The question of the alleged violation of the Detroit Building Code was not preserved for appellate review. In any event, violation of an ordinance is not in itself sufficient to impose a legal duty.

Affirmed.

MARILYN KELLY, J., concurring, stated that while this plaintiff has no action for attractive nuisance, it is unnecessary to conclude that an action for attractive nuisance can never survive the defense of governmental imunity.

GOVERNMENTAL IMMUNITY — NUISANCE — ATTRACTIVE NUISANCE.

There is no attractive nuisance exception to governmental immunity from tort liability.

*Mark Granzotto* and *Julie H. Hurwitz,* for the plaintiff.

*Donald Pailen,* Corporation Counsel, and *Joanne D. Stafford,* Supervising Assistant Corporation Counsel, for the defendants.

Before: CAVANAGH, P.J., and MARILYN KELLY and J. R. ERNST,* JJ.

PER CURIAM. Plaintiff, Elon Summers, appeals as of right from a circuit court order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) (claim barred by governmental immunity) with respect to defendant City of Detroit, and pursuant to MCR 2.116(C)(8) (failure to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

state a claim) with respect to the individual defendants. We affirm.

Plaintiff's decedent, nine-year-old Brian Summers, drowned in an outdoor swimming pool owned by defendant City of Detroit, after gaining access to the pool through a gap in a chained gate at a time when the pool was closed. Plaintiff brought suit against the city and several individual city officials and employees.

We first consider whether the circuit court erred in concluding that plaintiff's claims against the city were barred by governmental immunity. When reviewing a grant of summary disposition based on a finding that the claim is barred by governmental immunity, we consider all documentary evidence submitted by the parties. All well-pleaded allegations are accepted as true and construed most favorably to the nonmoving party. To survive a motion for summary disposition, the plaintiff must allege facts that justify the application of an exception to governmental immunity. *Wade v Dep't of Corrections,* 439 Mich 158, 163; 483 NW2d 26 (1992); *Maurer v Oakland Co Parks & Recreation Dep't (On Remand),* 201 Mich App 223, 228; 506 NW2d 261 (1993).

The parties do not dispute that defendant city was engaged in the exercise of a governmental function and, hence, was immune from tort liability unless there is an applicable exception to immunity. MCL 691.1407(1); MSA 3.996(107)(1).

The public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106), does not apply on these facts, because the pool and surrounding fence do not constitute a public building. *Reardon v Dep't of Mental Health,* 430 Mich 398, 406-413; 424 NW2d 248 (1988); *Richardson v Warren Consolidated School Dist,* 197 Mich App

697, 700-701; 496 NW2d 380 (1992); *Dew v Livonia,* 180 Mich App 676, 679; 447 NW2d 764 (1989).

Public nuisance is not an exception to governmental immunity. *Li v Feldt (After Second Remand),* 439 Mich 457, 474; 487 NW2d 127 (1992) *(Li II).*

There is no nuisance per se in this case, because the fence, gate, and pool do not constitute a nuisance at all times and under all circumstances, regardless of location or surroundings. *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139, 152-153; 422 NW2d 205 (1988).

Our Supreme Court has not ruled definitively whether the doctrine of attractive nuisance constitutes an exception to governmental immunity. See *Taylor v Detroit,* 182 Mich App 583, 589; 452 NW2d 826 (1989). We believe that no such exception exists.

Section 7(1) of the governmental tort liability act, MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.,* preserved judicially created exceptions to immunity that were formulated before July 1, 1965. *Li v Feldt (After Remand),* 434 Mich 584, 591-592; 456 NW2d 55 (1990) *(Li I); Hadfield, supra* at 147-148. The question is whether the claimed exception was *recognized clearly in authoritative Michigan case law* before that date. *Li II, supra* at 468 (emphasis added). Our research has disclosed no pre-1965 cases that discussed whether there is an attractive nuisance exception to immunity. It appears likely that the Court in *Lyshak v Detroit,* 351 Mich 230; 88 NW2d 596 (1958), applied the proprietary function exception to immunity, and in *Swanson v Marquette,* 357 Mich 424, 432; 98 NW2d 574 (1959), the proprietary function exception was clearly pleaded. See *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 610-614; 363 NW2d 641 (1984); 18 McQuillin, Municipal Corporations

(rev 3d ed), § 53.59.60, pp 419-420 (municipal liability for attractive nuisance depends upon whether a governmental or a proprietary function was involved). Thus, neither *Lyshak nor Swanson* clearly recognizes an attractive nuisance exception as required by *Li II*.

We are aware that in *Rosario v Lansing*, 403 Mich 124, 139-141; 268 NW2d 230 (1978) (FITZGERALD, J), a plurality of the Court held that, although attractive nuisance law is essentially negligence law, attractive nuisance is an exception to governmental immunity. However, a plurality decision in which no majority of the justices participating agree concerning the reasoning is not binding authority under the doctrine of stare decisis. *Swickard v Wayne Co Medical Examiner*, 438 Mich 536, 570, n 15; 475 NW2d 304 (1991) (LEVIN, J). We find the dissenting opinion of Justice RYAN in *Rosario* to be more persuasive, because it more closely resembles the reasoning in *Hadfield* and the two *Li* opinions (and it was indeed cited with favor in *Hadfield*.) Justice RYAN would have held that the "nuisance exception" is limited to two subclasses of nuisance, "nuisances per se" and "intruding nuisances." 403 Mich 146 (RYAN, J, dissenting).

We conclude that an attractive nuisance exception to governmental immunity was not recognized clearly in authoritative Michigan case law before July 1, 1965, and thus did not survive the enactment of § 7(1). *Li II, supra* at 468. Accordingly, the trial court properly granted summary disposition in favor of defendant city.

The second issue on appeal is whether the circuit court erred in concluding that the individual defendants were entitled to judgment as a matter of law on the basis that they owed no duty to the decedent. When reviewing a grant of summary

disposition pursuant to MCR 2.116(C)(8), we accept all factual allegations in support of the claim as true, as well as any reasonable inferences that can be drawn from them. *Azzar v Primebank, FSB,* 198 Mich App 512, 516; 499 NW2d 793 (1993).

The threshold question in a negligence action is whether the defendant owed the plaintiff a legal duty. *Scott v Harper Recreation, Inc,* 192 Mich App 137, 140; 480 NW2d 270 (1991), rev'd on other grounds 444 Mich 441; 506 NW2d 857 (1993).

As a rule, there is no duty that obligates a person to aid or protect another. Plaintiff has alleged no special relationship or other special circumstance that would have created such a duty in the individual defendants with respect to the decedent. *Schultz v Consumers Power Co,* 443 Mich 445, 450; 506 NW2d 175 (1993); *Harrison v Corrections Dep't Director,* 194 Mich App 446, 459; 487 NW2d 799 (1992); *Bell & Hudson, PC v Buhl Realty Co,* 185 Mich App 714, 717-718; 462 NW2d 851 (1990). Any duty owed by the individual defendants was for the benefit of the general public; there has been no showing that performance of that duty would have affected the decedent differently from the general public. *Harrison, supra* at 459-460.

We reject plaintiff's attractive nuisance argument as applied to the individual defendants, because the doctrine of attractive nuisance extends only to those who both possess and control the land. See *Merritt v Nickelson,* 407 Mich 544, 552; 287 NW2d 178 (1980); *Ellsworth v Highland Lakes Development Associates,* 198 Mich App 55, 63; 498 NW2d 5 (1993); *Rand v Knapp Shoe Stores,* 178 Mich App 735, 740-741; 444 NW2d 156 (1989).

Finally, we note that plaintiff's argument relating to the alleged violation of the Detroit Building Code was not raised before the court below and,

thus, is not preserved for review. *Deal v Deal,* 197
Mich App 739, 741; 496 NW2d 403 (1993). In any
event, although violation of an ordinance may be
some evidence of negligence, it is not in itself
sufficient to impose a legal duty cognizable in
negligence. *Ward v Frank's Nursery & Crafts, Inc,*
186 Mich App 120, 135; 463 NW2d 442 (1990).

Accordingly, the trial court properly granted
summary disposition in favor of the individual
defendants.

Affirmed.

MARILYN KELLY, J. *(concurring).* I concur in the
result reached in this case. However, in contrast to
my colleagues, I am not persuaded that an attrac-
tive nuisance exception to a defense of governmen-
tal immunity can never exist in this state.

First, our Supreme Court has not ruled defini-
tively that the doctrine of attractive nuisance does
not constitute an exception to governmental im-
munity. See *Taylor v Detroit,* 182 Mich App 583,
589; 452 NW2d 826 (1989). Second, I believe the
majority overstates the correct test for making
such a determination when it says: "The question
is whether the claimed exception was *recognized
clearly in authoritative Michigan case law,*" ante,
p 49, before July 1, 1965, citing *Li v Feldt (After
Second Remand),* 439 Mich 457, 468; 487 NW2d
127 (1992) *(Li II).*

The historical analysis of common law causes
preserved in the face of the governmental immu-
nity statute was developed in *Hadfield v Oakland
Co Drain Comm'r,* 430 Mich 139, 146-149; 422
NW2d 205 (1988). In *Hadfield,* six justices agreed
that the Legislature intended to codify common
law exceptions to governmental immunity. *Li v
Feldt (After Remand),* 434 Mich 584, 591, n 7; 456
NW2d 55 (1990). However, a vast difference exists
between conducting an historical analysis to deter-

mine which causes existed before July 1, 1965[1] and applying the absolute test articulated by the *Li II* plurality and adopted here.

In my estimation, an historical analysis of the cases dealing with the question of attractive nuisance does not conclude that an exception to governmental immunity could never exist. Admittedly, in the oldest case, our Supreme Court concluded that a swimming pond in a public park was not to be classed as a dangerous or attractive nuisance. *Heino v Grand Rapids,* 202 Mich 363, 370; 168 NW 512 (1918). However, the conclusion in *Heino* that the pond was not an attractive nuisance did not unequivocally rule out the possibility that attractive nuisances could exist on governmental property. Furthermore, in both *Lyshak v Detroit*[2] and *Swanson v Marquette,*[3] our Supreme Court did not specifically conclude that an attractive nuisance exception to governmental immunity could never be sustained.

Therefore, I do not believe that an attractive nuisance cause of action was as clearly rejected by our Courts before 1965 as the majority concludes. I think the correct analysis in cases such as this was aptly expressed by Justice ARCHER when he wrote:

> [I]t is important to focus on the responsibility of government for its actions or omissions, not its immunity from liability. This requires the conclusion that the Legislature did intend that case law continue to be developed in this area to address policy-based governmental liability which may be at issue in future cases. [*Hadfield,* p 215, ARCHER, J., concurring in part and dissenting in part.]

While I agree that plaintiff has no attractive nuisance claim, I would not hold that a cause of

---

[1] The effective date of MCL 691.1407(1); MSA 3.996(107)(1).

[2] 351 Mich 230; 88 NW2d 596 (1958).

[3] 357 Mich 424; 98 NW2d 574 (1959).

action for attractive nuisance can never survive
the defense of governmental immunity.