# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF CHARLES MEREDITH, by LINDA
MEREDITH, Personal Representative,

UNPUBLISHED
May 29, 2018

Plaintiff-Appellant,

v

No. 339045
Washtenaw Circuit Court
LC No. 16-000513-NO

BRT PROPERTIES LLC,

Defendant-Appellee.

Before: METER, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10). We affirm.

This case arises from a slip-and-fall injury that occurred on April 5, 2016. On that day, plaintiff's decedent, Dr. Charles Meredith,[1] slipped and fell while descending a staircase in defendant's two-story office building. Dr. Meredith leased a second-floor office from defendant and consistently traversed the staircase at issue since 2010. When facing down the stairs, on the left there was a wooden bannister with a non-graspable handrail, and on the right there was a plain wall with a piece of artwork hung toward the bottom of the staircase. While descending the stairs on April 5, 2016, Dr. Meredith lost his balance and fell a few steps. At some point, a piece of art that had been hanging on the wall near the bottom of the stairs came loose and fell on top of Dr. Meredith as well.

Plaintiff, Linda Davis Meredith, filed an amended complaint alleging separate counts of premise liability and negligence.[2] Defendant moved for summary disposition pursuant to MCR

_____

[1] Dr. Meredith died after the filing of this lawsuit from a heart attack unrelated to the alleged incident.

[2] The original complaint named both Linda Meredith and Dr. Meredith as plaintiffs, but after Dr. Meredith's death, the complaint was amended to name Linda as the sole plaintiff in her capacity as the personal representative of Dr. Meredith's estate. Both complaints also alleged a count of

-1-

2.116(C)(8) and MCR 2.116(C)(10), claiming that plaintiff's claims were barred by the open and obvious doctrine. Plaintiff responded that "Defendant created a dangerous and unsafe condition on its premises by failing and/or neglecting to install graspable handrails down the length of an unavoidable stairway." Plaintiff also argued that "Defendant did not maintain its property in a reasonably safe manner" by "failing to properly secure a twelve (12) pound wooden art-piece that protruded into the stairs that Defendant knew, or should have known, many elderly invitees traverse on a regular basis."

At the conclusion of the hearing on defendant's motion, the trial court granted defendant's motion and held that

> reasonable minds could not differ, that there was no defect, or that the fall was caused by any alleged defect. The claim is barred by the open and obvious doctrine. There are no special effects [sic] in the staircase that would exclude it from application of that doctrine. The property was not in violation of any applicable codes. And for all of the reasons argued by the defendant, the motion is granted.

Plaintiff moved for reconsideration. Plaintiff argued, *inter alia*, that the trial court failed to consider the argument related to the "loosely hung heavy piece of art that was not properly secured to the wall adjacent to the staircase." The trial court denied plaintiff's motion and stated that there was no evidence that the staircase or the artwork violated any applicable building codes or constituted dangerous conditions that were not open and obvious.

Plaintiff argues on appeal that the trial court erred in granting defendant's motion for summary disposition. We disagree.

Although defendant moved for summary disposition under both MCR 2.116(C)(8) and MCR 2.116(C)(10), because the trial court and the parties relied on documents outside the pleadings, we consider the motion as having been decided solely under MCR 2.116(C)(10). See *Steward v Panek*, 251 Mich App 546, 554-555; 652 NW2d 232 (2002). "This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

> A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. When reviewing a trial court's decision to grant a motion for summary disposition, we consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party. The court should grant the motion only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. [*Steward*, 251 Mich App at 555 (citations omitted).]

---

loss of consortium, but because that claim is derivative to the other claims that were dismissed, we need not discuss it.

At the outset, we note that plaintiff alleged claims of premises liability and negligence in the amended complaint. The trial court dismissed these claims based on the open and obvious doctrine. However, because the open and obvious doctrine only applies to premises liability claims and not to ordinary negligence claims, *Laier v Kitchen*, 266 Mich App 482, 494, 497; 702 NW2d 199 (2005), the trial court necessarily viewed plaintiff's non-derivative claims as sounding solely in premises liability, see *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691; 822 NW2d 254 (2012) ("Courts are not bound by the labels that parties attach to their claims."); *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007) ("It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim."). Plaintiff does not argue that the trial court erred in this respect; therefore, we likewise will treat plaintiff's non-derivative claims solely as a premises liability claim.[3] Thus, plaintiff's complaint alleges a claim of premises liability with two alternative theories: (1) the lack of a graspable handrail and (2) the loosely secured art which fell on plaintiff causing him to in turn lose his balance and fall. See *AFSCME Council 25 v Faust Public Library*, 311 Mich App 449, 459; 875 NW2d 254 (2015) ("[P]arties are permitted to plead inconsistent claims and facts in the alternative.").

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). "The starting point for any discussion of the rules governing premises liability law is establishing what duty a premises possessor owes to those who come onto his land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). Here, there is no dispute that Dr. Meredith, as a tenant of defendant, was an invitee. And with regard to invitees, a premises owner has a duty "to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land that the landowner knows or should know the invitees will not discover, realize, or protect themselves against." *Bertrand v Alan Ford, Inc*, 449 Mich 606, 609; 537 NW2d 185 (1995) (quotation marks and citation omitted).

However, this duty to protect or warn does not extend to hazards that are open and obvious. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). The rationale for the doctrine is that "there should be no liability for failing to warn someone of a risk or hazard [that] he appreciated to the same extent as a warning would have provided." *Glittenberg v Doughboy Recreational Indus, Inc*, 436 Mich 673, 683-684; 462 NW2d 348 (1990) (quotation marks and citation omitted). To determine whether a danger is open and obvious, we utilize an

---

[3] We note that the trial court's treatment was not erroneous because plaintiff alleges that Dr. Meredith was injured as a result of a dangerous condition on the land, i.e., the lack of a graspable handrail and an insecure piece of artwork. See *Buhalis*, 296 Mich App at 692 (stating that if the plaintiff's injury arose from an allegedly dangerous condition on the land, then the action sounds in premises liability rather than ordinary negligence, even if the premises possessor created the condition giving rise to the plaintiff's injury).

objective test: "[w]ould an average user with ordinary intelligence have been able to discover the danger and the risk presented upon casual inspection?" *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993); see also *Watts v Mich Multi-King, Inc*, 291 Mich App 98, 102-103; 804 NW2d 569 (2010).

In this case, the condition of the staircase and handrail was open and obvious. The submitted photo exhibits make it clear that there were no graspable handrails on either side of the staircase. However, the exhibits also show that there was a bannister with a non-graspable handrail located on the left side of the staircase when facing downward. Accordingly, to the extent that plaintiff argues that the lack of a graspable handrail was the hazard which caused Dr. Meredith to fall, such hazard was quite open and obvious, and defendant had no duty to protect Dr. Meredith from it.

However, the open and obvious doctrine will not cut off a possessor's duty to protect or warn "if special aspects of a condition make [the] open and obvious risk unreasonably dangerous." *Lugo*, 464 Mich at 517. One such special aspect exists when the hazard "imposes an unreasonably high risk of severe harm." *Id.* at 518. Plaintiff argues that the absence of a graspable handrail rendered the staircase unreasonably dangerous. However, this argument is without merit. Dr. Meredith successfully descended the staircase for seven years without having any issues. The staircase was not defective and was not dangerous to invitees who were paying attention to where they were walking. See *Kroll v Katz*, 374 Mich 364, 373; 132 NW2d 27 (1965) (concluding that the mere existence of a defect or danger is not enough to establish liability). Indeed, this is not a situation where there was no handrail at all. There is no dispute that there was a handrail on the one side of the staircase. The fact that the handrail that was present was not "graspable" does not make the staircase unreasonably dangerous. Dr. Meredith, while being aware of the configuration of the staircase, for unknown reasons decided to carry his briefcase in his left hand while descending the stairs, which severely limited his ability to utilize the existing bannister/handrail.

We further note that defendant was not required to install a graspable handrail. The building was converted to business use in 1987. The building code in effect at the time of the building's conversion to business use was the 1981 Basic Building Code, and the 1981 Code did not require graspable handrails. Further, while later versions of the Building Code required the use of graspable handrails, these new requirements were not imposed on already-existing structures unless those already-existing structures were altered or remodeled, which was not the case here.[4] Regardless, "although violation of an ordinance may be some evidence of

---

[4] Indeed, the first time Ann Arbor implemented a graspable handrail requirement was when, in 1994, it adopted the 1993 version of the Building Code. And this 1993 version of the Code specifically provides:

> The legal occupancy of any structure existing on the date of the adoption of this code, or for which it has been heretofore approved, *shall be permitted to continue without change*, except as is specifically covered in this code, the property maintenance or fire prevention codes listed in Chapter 35, or as is deemed

negligence, it is not in itself sufficient to impose a legal duty cognizable in negligence." *Summers v Detroit*, 206 Mich App 46, 51-52; 520 NW2d 356 (1994). The critical inquiry is whether there was something unusual about the stairs because of their character, location, or surrounding conditions. *Bertrand*, 449 Mich at 617. Here, the trial court properly held that the lack of graspable hand railings on a staircase is not something so unusual that would support an exemption from the application of the open and obvious doctrine.

Plaintiff also avers that the condition of the artwork hanging on the wall was not open and obvious. However, while plaintiff dedicated her argument in her brief on appeal to the handrail issue, she provided cursory analysis regarding the art work. Accordingly, we deem this issue abandoned. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).

In any event, no reasonable jury could conclude that the art caused Dr. Meredith to fall, which necessitates the grant of defendant's motion for summary disposition. The uncontradicted evidence demonstrated that the art was secured by a cable and two hooks. In the unusual context of this case, the evidence also clearly established, for purposes of summary disposition, that *Dr. Meredith was the cause* of the art work falling—not that the art (or defendant) somehow caused Dr. Meredith to fall.

"The reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence actually proffered in opposition to the motion. A reviewing court may not employ a standard citing the mere possibility that the claim might be supported by evidence produced at trial. A mere promise is insufficient under our court rules." *Maiden*, 461 Mich at 121. Here, the only piece of evidence that even remotely suggests that the art somehow caused Dr. Meredith to fall is found in Dr. Meredith's answers to defendant's interrogatories, in which Dr. Meredith claimed, "While descending, I was struck by [a] heavy piece of hanging wall art, which was not secured to the wall, and fell onto me causing me to lose my balance." That evidence exists only in Dr. Meredith's answers to defendant's interrogatories, and because Dr. Meredith passed away before he could be deposed, there can be no additional evidence produced on this point. However, the admissibility of the interrogatory answers at trial is dubious, at best. These answers, while made under oath, nevertheless are statements "other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The interrogatory answers are thus hearsay when offered *by* plaintiff. See MRE 801(c); MRE 802; *Hanlon v Firestone Tire & Rubber Co*, 391 Mich 558, 574-575; 218 NW2d 5 (1974) (opinion of Coleman, J.). Further, because Dr. Meredith was never subjected to cross-examination by defendant, there is no apparent exception to the hearsay rule which would permit

necessary by the code official for the general safety and welfare of the occupants and the public. [1993 BOCA, § 102.2 (emphasis added).]

Further, this type of "grandfathering" provision has been carried over through to the time of Dr. Meredith's accident. See, e.g., 2012 Michigan Building Code, § 102.6.

plaintiff to admit Dr. Meredith's answers in evidence to prove that the art caused Dr. Meredith to fall. See MRE 803; MRE 804.

But beyond merely being unable to carry his burden of producing *some* admissible evidence to preclude summary disposition, plaintiff's position actually is undercut by the admissible evidence. There was testimony that Dr. Meredith admitted to several other people that the art did not cause him to lose his balance. His medical records indicate that he told the treating physicians that he "tripp[ed] over his own feet" while descending the stairs and that during the fall, "[h]e brushed up against a wood statue/object on the wall which fell on top of his back." Further, Dr. Meredith told another person who works in the same building that his office was in that the fall "was [his] own fault" because he "had too much" in his briefcase, which caused him to "los[e] [his] balance" and, while falling, hit the art work. As a party opponent, those statements are not hearsay and are admissible *against* plaintiff by defendant, even though they are hearsay and thus inadmissible if offered *by* plaintiff on his own behalf. See MRE 801(d)(2)(A). Thus, there not only was no admissible evidence to support plaintiff's claims, but the uncontroverted evidence established that plaintiff himself was the cause of the accident. As noted, if a reasonable jury could not find that the art caused Dr. Meredith to fall, then summary disposition is warranted. See *Maiden*, 461 Mich at 122; *Quinto v Cross & Peters Co*, 451 Mich 358, 367; 547 NW2d 314 (1996). Accordingly, even if plaintiff had not abandoned this aspect of her claim, summary disposition was warranted in favor of defendant.

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Patrick M. Meter
/s/ Michael F. Gadola
/s/ Jonathan Tukel